Walter Raymond TAUCHERT,
Appellant,

v.

BOATMEN'S NATIONAL BANK OF
ST. LOUIS, et al., Respondents.

No. 75489.

Supreme Court of Missouri,
En Banc.

March 23, 1993.

David M. Duree, St. Louis, for appellant.

Richard A. Wunderlich, Jeana D. McFerron, Clayton, for respondent.

PER CURIAM.

Plaintiff Walter Raymond Tauchert appeals from the trial court's summary judgment for defendant Russell Ritz, on plaintiff's common law claim for personal injuries against a co-employee. The Court of Appeals, Eastern District, transferred this case to this Court in order to re-examine the issue of co-employee liability under the workers' compensation act.[1] *Mo. Const. art. V, § 10.* Reversed and remanded.

On October 17, 1985, plaintiff was injured as he was standing on top of an elevator cab when it fell five or six floors to the bottom of an elevator shaft. On February 27, 1990, plaintiff filed a second amended petition alleging that defendant's active negligence caused his injuries. Plaintiff had previously settled his workers' compensation claim against the parties' employer on January 11, 1989.

On March 12, 1990, defendant filed a motion for summary judgment claiming that defendant was plaintiff's foreman and therefore plaintiff's claim was barred by the Missouri workers' compensation act,

---

1. This opinion largely incorporates the opinion of the Court of Appeals, Eastern District, Kent

E. Karohl, Chief Judge.

§ 287.120.1 RSMo 1986. The summary judgment facts were presented in the form of deposition testimony of defendant Ritz and his supervisor, Paul Steinmetz.

On May 18, 1990, the trial court granted defendant Ritz summary judgment. The judgment became final in 1992 when the court disposed of plaintiff's claims against other defendants. Plaintiff filed a timely notice of appeal.

On two grounds plaintiff contends the trial court erred in granting summary judgment. He argues the Missouri workers' compensation act does not bar his claim against defendant, a co-employee, if the defendant committed affirmative negligent acts outside his role as a supervisor. Plaintiff also alleges issues of material fact exist covering defendant's role as a supervisor or co-employee.

The trial court granted summary judgment solely on the ground that no cause of action existed since the claim was barred by the Missouri workers' compensation act, § 287.120.1 RSMo 1986. The court apparently concluded defendant Ritz has immunity because of his supervisor, co-employee status.

When reviewing a summary judgment, this Court looks not just to the petition but to all the pleadings, depositions, answers to interrogatories and admissions submitted to the trial court, together with affidavits, to determine if there is any material fact issue and that the moving party was entitled to judgment as a matter of law. *Magee v. Blue Ridge Professional Building Co.*, 821 S.W.2d 839, 942 (Mo. banc 1991). This Court views the record in the light most favorable to the party against whom summary judgment was entered. *Meyer v. Enoch*, 807 S.W.2d 156, 158 (Mo.App.1991).

This Court finds there is a recognized cause of action against a fellow employee for active negligence and that issues of material fact remain. At the time of the casualty, plaintiff was employed by Westinghouse Electric Corp. as a helper, assisting defendant Ritz, on-site foreman, in performing the final checkout of the parking garage elevator system. In the process of the checkout Ritz arranged a make-shift hoist system to raise the elevator. This hoist arrangement failed causing the elevator to fall and the plaintiff's injuries.

The issue of fact is whether Ritz acted as a supervisor or a co-worker in rigging the elevator hoist system. This Court finds the deposition testimony relied on to support summary judgment failed to remove the fact issue that active negligence by Ritz caused plaintiff's injury. The creation of a hazardous condition is not merely a breach of an employer's duty to provide a safe place to work. Defendant's alleged act of personally arranging the faulty hoist system for the elevator may constitute an affirmative negligent act outside the scope of his responsibility to provide a safe workplace for plaintiff. Such acts constitute a breach of personal duty of care owed to plaintiff. These actions may make an employee/supervisor liable for negligence and are not immune from liability under the workers' compensation act. *Craft v. Scaman*, 715 S.W.2d 531, 537 (Mo. App.1986). Under the law in this state, defendant may be held liable to plaintiff for his injuries and is not protected by the provisions of § 287.120.1 RSMo 1986. *Lamar v. Ford Motor Co.*, 409 S.W.2d 100, 107 (Mo.1966); *Schumacher v. Leslie*, 360 Mo. 1238, 232 S.W.2d 913, 917 (Mo. banc 1950); *Gardner v. Stout*, 342 Mo. 1206, 119 S.W.2d 790, 792 (1938); *Sylcox v. National Lead Co.*, 225 Mo.App. 543, 38 S.W.2d 497, 501–02 (1931). This Court thus reverses and remands.

ROBERTSON, C.J., COVINGTON, HOLSTEIN, BENTON, THOMAS and LIMBAUGH, JJ., and CROW, Special Judge, concur.

PRICE, J., not sitting.