**Gary Wayne and Marilyn MARSHALL, Appellants,**

v.

**ETI EXPLOSIVES TECHNOLOGIES INTERNATIONAL, et al., Defendant,**

**James Owen, Respondent.**

**No. WD 48432.**

Missouri Court of Appeals, Western District.

Feb. 22, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 29, 1994.

Application to Transfer Denied May 26, 1994.

Roy F. Walters, Kansas City, for appellants.

Edward E. Schmitt, Kansas City, for respondent.

Before TURNAGE, P.J., and BRECKENRIDGE and HANNA, JJ.

HANNA, Judge.

The plaintiffs, Gary Marshall and his wife, appeal the summary judgment entered in favor of the defendant, James Owen, based on the trial court's finding that it lacked subject matter jurisdiction. The plaintiffs filed suit against multiple defendants, including ETI Explosives Technologies International, Inc. (ETI) and ETI chemist James Owen, seeking to recover for injuries resulting from Mr. Marshall's work-related exposure to hazardous chemicals. The exposure occurred while Marshall was employed by Contract Carriers, Inc. to perform work at ETI's explosives manufacturing facility in Greenfield, Missouri.

Marshall was the maintenance supervisor of the Quality Control Division, and it was his job to conduct testing on certain new explosives, initially using a small batch manufacturing process to determine proper ingredient levels for the desired product characteristics, and later on a mass production scale. The performance of these job duties required direct exposure to a number of dangerous chemicals. The plaintiffs have alleged that because of the negligence of ETI and the defendant Owen, Mr. Marshall was not warned that direct unprotected exposure to these chemicals may pose a hazard to his health. Due to the lack of warning, he never wore protective clothing or used any kind of breathing apparatus. Marshall complains of numerous health problems as a result of his unprotected exposure to hazardous chemicals.

The defendant Owen was a chemist employed by ETI. The parties agree that Owen's role was one of supervision over Marshall and other CCI employees with respect to developing and monitoring the batch manufacturing process of the various explosive materials, including dangerous substances and chemicals. The plaintiffs allege that defendant Owen breached his common law duty to exercise reasonable care owed by one employee to another.

The trial court ruled in favor of both defendants on their respective motions for summary judgment. In a separate order, from which the plaintiffs have not appealed, the trial court determined that Marshall was a statutory employee of ETI and that, therefore, ETI was immune from suit under the Workers' Compensation Law, §§ 287.040.1, 287.120.2, RSMo 1986. The trial court granted a summary judgment in favor of defendant Owen for lack of subject matter jurisdiction. The court held that plaintiffs' First Amended Petition does not allege actionable negligence on the part of defendant Owen because it "does not allege affirmative acts constituting the breach of any duty owed by Owen other than the duty of general supervi-

sion and safety owed to ETI." The plaintiffs appeal.

When considering an appeal from the granting of a summary judgment, this court will review the record in the light most favorable to the party against whom the judgment was entered. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). We give the non-movant the benefit of all reasonable inferences from the record. *Id.*

The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. *Id.* Summary judgment is proper when the court determines that the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, that they are entitled to judgment as a matter of law. Rule 74.04(c).

■ In their first point, the plaintiffs argue that the trial court erred by granting the defendant Owen's motion for summary judgment because they plead affirmative acts by Owen that caused or increased the risk of injury to plaintiff. Further, they claim that summary judgment was erroneous because genuine issues of material fact existed regarding defendant Owen's job duties, whether he assumed the status of a co-employee, whether his actions as alleged in the petition were affirmative acts, and whether he breached his personal duty of care towards Marshall.

■ Among the duties that an employer owes its employees is, "the duty to provide a safe work place, to provide safe appliances and equipment, to warn of dangers about which the employee may be ignorant, to provide suitable fellow employees and to make and enforce rules for employee conduct." *Biller v. Big John Tree Transplanter Mfg. & Truck Sales, Inc.,* 795 S.W.2d 630, 633 (Mo. App.1990). The overall duty to provide a safe workplace is nondelegable and, therefore, the employer may not escape liability for breach of that duty by delegating the responsibility to someone else. *Id.* However, an employer is immune from civil liability for breach of that duty and an employee harmed by such a breach can only recover under the applicable workers' compensation laws. § 287.120, RSMo 1986; *Biller,* 795 S.W.2d at 633.

■ A supervisory employee who is charged with carrying out the employer's duty to provide a safe workplace is also immune from a civil suit for the breach of that duty. *Biller,* 795 S.W.2d at 633. However, Missouri courts have recognized a cause of action against a fellow employee for active negligence outside the scope of his responsibility to provide a safe workplace for the plaintiff. *Tauchert v. Boatmen's Nat'l Bank,* 849 S.W.2d 573, 574 (Mo. banc 1993). Such affirmative negligent acts constitute a breach of personal duty of care owed to the plaintiff. *Id.*

In paragraph 28(b) of their first amended petition, the plaintiffs alleged the following:

b. Defendant Owen committed the following additional affirmative acts which caused or increased plaintiff Wayne Marshall's risk of injury:

1. Owen personally worked alongside the plaintiff, testing and mixing the hazardous substances and chemicals with his bare hands and without any protective clothing, gloves or breathing equipment, thereby leading plaintiff to believe no protection was necessary.

2. Owen personally observed and directed plaintiff's unprotected testing and mixing of the hazardous substances and chemicals and remained silent, never advising plaintiff of the risks associated with exposure to the same and the need to wear protective clothing, gloves and breathing equipment.

3. Owen personally advised the plaintiff, in response to Marshall's statement that the chemicals were affecting him, and inquiring whether protective equipment was necessary: "don't worry, I have handled this stuff [chemicals] all my life and it didn't bother me. You must have sensitive skin."

4. Owen personally observed the effect on plaintiff from handling and mixing the hazardous substances and chemicals, i.e., his yellow stained hands and holes in

his clothing, yet thereafter, advised the plaintiff to simply wash his hands frequently and try to keep the materials off his clothes, instead of telling plaintiff that he needed protective clothing, gloves and breathing equipment.

5. Owen personally failed to advise plaintiff of the need to wear protective clothing and breathing equipment, despite witnessing plaintiff's direct exposure to the "orange mist" created by the mixing of chemicals to make pourvan, and further, despite plaintiff's direct inquiry to defendant Owen regarding the effect of inhaling the same.

Such acts of defendant Owen constituted a personal breach of his common law duty of care owed by defendant Owen to plaintiff Marshall.

The allegations all describe Owen's failure to advise the plaintiff of the dangers of working with chemicals while unprotected. The plaintiffs' petition failed to allege any affirmative acts which led to or increased the risk of injury. *See Parker v. St. Louis County Water Co.*, 668 S.W.2d 182, 183–85 (Mo.App. 1984).

Even if, as argued by the plaintiffs, the statements made by Owen that protective clothing was not necessary constituted affirmative acts of negligence, the summary judgment was still proper because the petition does not allege any breach outside the scope of ETI's duty to provide a safe workplace.

Plaintiffs offer several theories to explain why the workers' compensation immunity does not shield Owen and that they should therefore be allowed to maintain their cause of action. First, they claim that the defendant Owen was not chosen by ETI to implement ETI's duty to provide a reasonably safe work place and, therefore, the co-employee line of cases does not apply. However, this is inconsistent with their present attempt to hold Owen personally liable for breach of those duties which were supposedly not delegated to him. In their Suggestions in Opposition, the plaintiffs stated that "Owen's role was one of supervision over Marshall and other CCI employees...." Therefore, in order to maintain a cause of action, the plaintiffs must allege something more than a general failure to fulfill the employer's duty to provide a safe workplace. *State ex rel. Badami v. Gaertner*, 630 S.W.2d 175, 180 (Mo. App.1982).

Next, the plaintiffs argue that they alleged something more as required by *Badami*, as their petition alleges that Owen "stepped out" of his supervisory role and into the role of co-worker. Therefore, the argument continues, Owen did not merely breach ETI's duty, he breached his own personal duty to Marshall as a co-worker. However, examination of the cases allowing a cause of action based on this theory illustrates what the courts mean when they discuss stepping out of the supervisory role.

In *Tauchert*, 849 S.W.2d at 574, the Missouri Supreme Court held that there was a genuine issue of fact as to whether the defendant stepped into the role of a co-worker when he rigged a make-shift hoist system to raise an elevator. The court held, "The creation of a hazardous condition is not merely a breach of an employer's duty to provide a safe place to work." *Id.* In *Craft v. Scaman*, 715 S.W.2d 531, 537–38 (Mo.App.1986), the defendant was helping the plaintiff to fix a broken machine when he applied friction to a spinning reel of fireworks fuse causing a flash fire. In *Biller*, 795 S.W.2d at 633–34, the defendant operated a tree transplanter and caused the plaintiff, his trainee, to be crushed in the machine. Finally, in *Workman v. Vader*, 854 S.W.2d 560, 564 (Mo.App. 1993), the defendant threw packing debris into a pile on the floor and then covered it with a slippery cardboard box.

These cases, all of which discuss the defendants stepping out of their supervisory positions, involve situations in which the defendants affirmatively created a hazardous condition. That is not true in our case. Owen did not step out of his role of supervisor by giving advice regarding the necessity of protection against chemical exposure, or by failing to give such advice.

In their petition, the plaintiffs stated:

ETI was responsible, among other things, for advising the plaintiff and others employed by CCI of the hazards associated with the use, handling, and mixing of vari-

ous explosive material, including abnormally dangerous substances and chemicals. ETI's responsibilities further included, among other things, assuring that the proper operating procedures were in place for the manufacturing, use, handling and mixing of the substances and chemicals at ETI's facilities, so as to avoid exposing the ultimate users to the unsafe and harmful effect of the same.

The plaintiffs now seek to hold Owen, a supervisory employee, personally liable for the breach of that duty. However, a co-employee "is not liable merely for breaching a duty that the employer owed the injured employee." *Craft*, 715 S.W.2d at 537.

Because the plaintiffs failed to allege any affirmative negligent acts committed by the defendant Owen while he was acting outside the scope of ETI's responsibility to provide a safe workplace, the trial court did not err in entering summary judgment. Point denied.

In their second point, the plaintiffs argue that since Marshall and Owen worked for two different employers, the above analysis concerning co-employee liability does not apply, and their petition, therefore, needed only to allege a cause of action against defendant Owen as a third party tortfeasor. However, in the order of summary judgment entered in favor of ETI, the trial court held that Marshall was a statutory employee of ETI. Since the plaintiffs did not appeal that order, that fact is true for the purposes of this case. The plaintiffs' petition stated that Owen is also an employee of ETI. Therefore, Marshall and Owen were co-employees. Point denied.

Judgment affirmed.

All concur.