**Dennis BELEC, Plaintiff,**

v.

**HAYSSEN MANUFACTURING CO., William L. Holshouser, and Charles F. Voelkel, Jr., Defendants.**

**No. 4:94CV1195 CDP.**

United States District Court, E.D. Missouri, Eastern Division.

March 1, 1996.

Richard R. Kordenbrock, Associate, Myers and Kordenbrock, P.C., St. Louis, MO, for plaintiff Dennis Belec.

James P. Lemonds, Partner, Holtkamp and Liese, St. Louis, MO, for defendant Hayssen Mfg. Co.

Ted L. Perryman, Managing Partner, Roberts and Perryman, St. Louis, MO, Dennis E. Rose, Donovan and Rose, Belleville, IL, for defendants Charles F. Voelkel, Jr. and William L. Holshouser.

### MEMORANDUM AND ORDER

PERRY, District Judge.

This matter is before the Court on defendants' motions for summary judgment. For the reasons set forth in this opinion, both motions will be granted.

Plaintiff's second amended complaint alleges that he suffered severe injury to both hands when the molds of an injection molding machine closed on them. He sues the machine's manufacturer, Hayssen Manufacturing Company ("Hayssen"), in Counts I and II for strict liability and failure to warn. In Count III plaintiff sues Hayssen and the individual defendants, Charles F. Voelkel, Jr. and William L. Holshouser, for negligence. Count III alleges that defendant Holshouser, acting at the direction of defendant Voelkel, modified the electrical circuitry to allow the machine to operate in a "semi-automatic mode," rendering the machine's safety mechanisms inoperative.

Hayssen is entitled to summary judgment because the undisputed evidence shows that the modification of the machine was the sole cause of plaintiff's injury, and under Missouri law, a manufacturer will not be held liable for injury resulting from even a foreseeable modification where the alteration is the sole cause of plaintiff's injury. Holshouser and Voelkel are entitled to summary judgment because the undisputed evidence shows that they made the modification pursuant to a corporate decision, and their actions were therefore undertaken as part of the employer's non-delegable duty to provide a safe work place.

### I. Facts

The essential facts involved in this case are undisputed. On October 12, 1991, plaintiff sustained injuries to both of his hands while working at Semco Plastics, Inc., with an injection molding machine manufactured by Hayssen. At the time of the accident, Voelkel was the production manager and Holshouser was a maintenance manager at Semco. Holshouser, acting at Voelkel's direction, modified the electrical circuitry of a number of the molding machines owned by Semco to allow for operation of the machines in a semi-automatic mode; these modifications rendered ineffective the safety mechanisms intended to prevent the molding casings from closing on the operators' hands.

The undisputed evidence shows that as designed, manufactured, and delivered to Semco, the machines were stopped and restarted each time a product was made. The constant starting and stopping of the machines, while admittedly very safe, caused premature wear and tear on the motors and other parts of the machines. That problem led Semco to seek ways to modify the machines.

Holshouser proposed a modification which called for the removal of one of the three operable safety devices, while adding an additional mechanical safety device that was to be placed inside the machine. Holshouser took this proposal to his supervisor, Voelkel,

and Voelkel in turn forwarded the proposal to his supervisor, Semco's general manager. The general manager approved the planned modification, and Holshouser implemented it.

The machine even as modified, was not supposed to cycle when the door was opened. At the time of the accident, plaintiff was reaching into the machine to retrieve a completed piece when, apparently, his body contacted a lower switch, causing the machine to believe the door was closed and allowing it to cycle. It is undisputed that had the machine not been modified, the accident could not have occurred in this way.

Plaintiff's expert testified in his deposition that as originally manufactured and sold to Semco, the machine was reasonably safe and only the modifications rendered it unsafe. He also stated that Hayssen should have foreseen the possibility that the machine would be modified in this manner and should have provided a warning against such modifications. He later filed an affidavit reciting that the machine was unreasonably dangerous in the absence of this warning.

## II. *Discussion*

In determining whether summary judgment should issue pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the facts, and the inferences from these facts, are viewed in the light most favorable to the nonmoving party, and the burden is placed on the moving party to establish the absence of a genuine issue of material fact and to show that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). Once the moving party has met this burden, however, the non-moving party may not rest on the allegations in its pleadings, but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e). If the non-moving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant is unable to make a showing sufficient to establish the existence of an element essential to

its case. *Lujan v. National Wildlife Federation,* 497 U.S. 871, 884, 110 S.Ct. 3177, 3186, 111 L.Ed.2d 695 (1990).

### A. *Hayssen's Summary Judgment Motion*

The Court will first address Hayssen's motion for summary judgment. Plaintiff concedes that Hayssen "is entitled to summary judgment with respect to plaintiff's stated causes of action for strict products liability based upon design defect, and for negligence" (counts I and III), but argues that summary judgment should not be granted with regard to plaintiff's cause of action for strict liability based on failure to warn, as set forth in Count II.

Hayssen contends that when a third party's modification makes a safe product unsafe, the seller is relieved of liability even if the modification is foreseeable, citing *Jones v. Ryobi, Ltd.,* 37 F.3d 423 (8th Cir. 1994), *Gomez v. Clark Equipment Co.,* 743 S.W.2d 429 (Mo.Ct.App.1987), and *Hill v. General Motors Corp.,* 637 S.W.2d 382 (Mo. Ct.App.1982). Plaintiff argues that the cases Hayssen cites, while applicable to strict liability claims for negligence and design defect, do not mention strict liability for failure to warn and therefore do not preclude this cause of action. The question before the Court therefore is whether a foreseeable, negligent modification of a machine that is the sole cause of a plaintiff's injury is sufficient, as a matter of law, to support a finding of liability under strict liability for failure to warn. The Court finds that it is not.

In *Sutherland v. Elpower Corp.,* 923 F.2d 1285 (8th Cir.1991), relied on by plaintiff, the court held that Missouri law would impose liability for failure to warn of reasonably foreseeable uses of defendant's product where the modification was not the "sole cause" of plaintiff's injuries. In that case the court found evidence of design defects as well. The *Sutherland* plaintiff purchased a battery-operated child's riding toy secondhand from his neighbor. The toy was sold to the plaintiff without the battery charger and instructions which came with the toy, and plaintiff purchased an automotive-type bat-

tery charger when the batteries needed to be recharged. Plaintiff modified the toy's wiring to accommodate the foreign charger, and while attempting to recharge the battery it exploded, causing injury to plaintiff's eye. Neither the battery charger nor the riding toy had any affixed warnings concerning the dangers of improper charging of a battery, and there was evidence suggesting that this method of charging the battery was a foreseeable misuse and that proper warnings would have enabled the plaintiff to avoid the injury. *Id.* at 1289.

In *Gomez v. Clark Equipment*, 743 S.W.2d 429 (Mo.Ct.App.1987), the plaintiff lost several fingers as a result of a collision she had while driving a truck manufactured by the defendant. Plaintiff's employer had modified the truck to include a fuel tank system which reduced the driver's rear visibility. The *Gomez* court found that there was no evidence of any defect in the truck as it was provided by the manufacturer, that there was no superseding cause of plaintiff's injuries, and that the employer's modification was the "sole cause" of the injury. The court concluded that the manufacturer therefore could not be held liable under strict liability for failure to warn. *Gomez*, 743 S.W.2d at 432–33. The *Sutherland* court distinguished *Gomez* by noting that in *Gomez* the modification, not the original condition of the truck, was the "sole cause" of the injury, and concluded that plaintiff's reliance on *Gomez* therefore was misplaced.

The case at bar is distinguishable from *Sutherland* in that here, as in *Gomez*, the uncontroverted evidence shows that the modification of the machine was the sole cause of plaintiff's injuries. The Court reads both *Sutherland* and *Gomez* as holding that the manufacturer of a machine cannot be held strictly liable for failure to warn if the injuries were caused solely by the modifications made to the machine and not by some superseding or contributory cause. Here, the injuries to plaintiff are alleged to have been caused solely by the negligent modification of the machine. Because the evidence is therefore insufficient as a matter of law to support a finding of liability against Hayssen, the Court will grant Hayssen's motion for summary judgment.

### B. *Voelkel and Holshouser's Summary Judgment Motion*

■ Voelkel and Holshouser contend that in modifying the machine they were acting within the scope of their employment and that the "modifications in equipment were made as part of a corporate decision." They therefore argue that because plaintiff's injuries were caused by the employer, the imposition of personal liability against them is precluded by the Missouri Worker's Compensation law.

■ Under Missouri law, an employee injured because the work place was unsafe may not bring suit against either the employer or his employer's agent, but is limited to the benefits afforded under the applicable worker's compensation law. *Biller by Summers v. Big John Tree Transplanter Mfg. & Truck Sales, Inc.*, 795 S.W.2d 630, 633 (Mo. Ct.App.1990); *Gabler v. McColl*, 863 S.W.2d 340, 342–43 (Mo.Ct.App.1993). However, a co-employee can lose his immunity from civil suit and become a "third person" under the Missouri statute under certain circumstances. This Court, in previously denying defendants' motion to dismiss, found that plaintiff's complaint sufficiently alleged that the individual defendants did the "something extra" beyond a breach of general supervision and safety required before the co-employee can become liable. *See generally Felling v. Ritter*, 876 S.W.2d 2, 5 (Mo.Ct. App.1994); *see also Tauchert v. Boatmen's Nat'l Bank*, 849 S.W.2d 573, 574 (Mo.1993) (en banc) (ruling that a petition must allege "an affirmative negligent act outside the scope of [employee-supervisor's] responsibility to provide a safe workplace").

The question now before the Court is whether, on the undisputed factual record, the actions of Voelkel and Holshouser in fact constituted the "something extra" necessary to allow liability under Missouri law. Plaintiff's position is that defendant's "affirmative act" of modifying the machine increased the risk of injury to plaintiff and therefore is sufficient to avoid summary judgment. Defendants, on the other hand, maintain that

their activities were undertaken as part of Semco's obligation to provide safe equipment and tools. Because the employer has a nondelegable duty to provide safe tools and equipment, and because defendant's employer assigned to defendants the responsibility of carrying out this nondelegable duty, defendants claim that they cannot be held liable for plaintiff's injuries sustained as a result of injuries caused by the negligent modification of the machine.

■ The Court holds that the individual defendants here cannot, as a matter of law, be liable. An employee who modifies a machine at the direction and in furtherance of his employer's nondelegable duty to provide safe tools and equipment cannot be held liable for injuries resulting from these modifications. While the Court could locate no Missouri law on this issue, the policies underlying the Missouri worker's compensation law and holdings in other jurisdictions persuade the Court that, were the Missouri courts to consider the issue, they would find no liability in a case such as this.

In *In State ex rel. Badami v. Gaertner*, 630 S.W.2d 175, 180 (Mo.Ct.App.1982) (en banc), the court stated that "[i]t was the purpose of the workmen's compensation law to place the burden of employment accidents upon the employer and ultimately upon the consuming public generally." *Badami* went on to hold that imposing liability upon supervisors for work conditions that a jury may find to have been unsafe would "almost mandate" that employers indemnify such employees, thereby "effectively destroy[ing] the immunity provisions of the workmen's compensation law." *Id.* Although *Badami* dealt with the liability of a supervisor who failed to provide his fellow employee with a reasonably safe place to work by failing to equip a shredding machine with certain safety devices, whereas here the co-employees are accused of negligently modifying a machine's safety devices at the direction of the employer, the policy considerations discussed in *Badami* apply with equal force to both situations.

*Badami* explicitly approved of and derived guidance from the Wisconsin approach to co-employee liability. Unlike the Missouri courts, the Wisconsin Supreme Court has had the opportunity to address the issue now before this Court. In *Gerger v. Campbell*, 98 Wis.2d 282, 297 N.W.2d 183 (1980), an employee who injured his hand while operating a hydraulic press brought suit against the company's president. The company had made a decision to change the mechanical energizing system of the hydraulic press and to implement that decision, the company president removed a gate guard from the press which was designed to prevent the operator's hand from entering the "danger zone" when the press closed. *Id.* 297 N.W.2d at 184. The defendant in *Gerger*, like defendants here, in modifying a machine negligently substituted a different safety device for one that was removed. The court found that:

> What we have in the factual posture of this case is a situation where the president of the corporation, as a result of a corporate decision, modified a machine, a tool furnished by the employer, and negligently did so in a manner that made it unsafe. This was a corporate decision undertaken in the course of the employer's nondelegable duty to furnish equipment and machinery to be used by the employee. This was corporate negligence, not co-employee negligence; and it does not differ in any legally significant manner from any other negligence perpetrated by the employer, against whom the only remedy is worker's compensation..... Everything that [the defendant] did was as a consequence of his function in the discharge of his duties to his employer, the corporation. It did not constitute the negligence of a co-employee, even though his affirmative acts increased the risk to a corporate employee who subsequently used the machine.

*Id.* 297 N.W.2d at 187.

The court noted that the determinative question regarding co-employee liability is one of proximate cause. *Id.; see also Laffin v. Chemical Supply Co.*, 77 Wis.2d 353, 253 N.W.2d 51 (1977). Here, like in *Gerger*, the uncontested evidence shows that plaintiff's injuries occurred because of defendants' negligent modifications, and in both cases the employer directed that these negligent modi-

fications be made. The proximate cause of plaintiff's injury here was the corporate decision to negligently modify the machine, and imposing liability on the co-employees is therefore not appropriate.

The Court agrees with defendants that *Tauchert*, 849 S.W.2d at 573, is not controlling because *Tauchert* did not address the situation of a employee who modified a machine at the direction of the employer. Although *Tauchert* noted that the defendant's negligent arrangement of a "make-shift" hoist system caused injury to plaintiff and therefore was "outside the scope of [his] responsibility to provide a safe workplace for plaintiff," *id.* at 574, there is no indication that the *Tauchert* defendant was following his employer's explicit directive when he rigged the faulty hoist. It therefore appears that the proximate cause of plaintiff's injury in *Tauchert* was the defendant's negligent arrangement of the hoist system. Here, Voelkel's uncontroverted affidavit shows that the modification proposal was ratified by the appropriate members of the corporate hierarchy and that defendants thereafter were instructed to effectuate the proposed changes; the proximate cause of plaintiff's injury therefore was Semco's decision to modify the machine in a negligent manner. The Court finds that because defendants were effectuating a corporate decision to modify the machines they cannot be held personally liable.

Accordingly,

IT IS HEREBY ORDERED that defendant Hayssen's motion for summary judgment [# 32] is granted.

IT IS FURTHER ORDERED that defendant Holshouser and Voelkel's motion for summary judgment [# 33] is granted.

IT IS FURTHER ORDERED that defendant Hayssen's motion to strike affidavit of Keith Vidal [# 37] is denied as moot.

A separate Judgment in accord with this Memorandum and Order is entered this same date.