Patrick PAVIA, Plaintiff–Appellant,

v.

David CHILDS, Defendant–Respondent.

No. 21494.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 25, 1997.

Motion for Rehearing and Transfer to Supreme Court Denied Sept. 10, 1997.

Application to Transfer Denied
Oct. 21, 1997.

James B. Herd, Matthew J. Sauter, Deeba, Sauter & Herd, St. Louis, for Plaintiff–Appellant.

Donald W. Jones, Timothy E. Gammon, Hulston, Jones, Gammon & Marsh, Springfield, for Defendant–Respondent.

PREWITT, Judge.

The trial court dismissed Plaintiff's petition for failure to state a claim upon which relief can be granted. The question presented is whether Plaintiff has alleged sufficient facts to establish a claim for negligence not barred by the Workers' Compensation Law.

■ In reviewing the grant of a motion to dismiss the petition, the facts alleged are considered true, all allegations are construed favorably to the plaintiff, and then it is determined whether the petition invokes principles of substantive law upon which relief can be granted. *Workman v. Vader,* 854 S.W.2d 560, 562 (Mo.App.1993).

Plaintiff alleged that he was "a grocery store bagger" at Smitty's No. 9 store in Waynesville, Missouri. He said that Defendant was the store manager there. Plaintiff states that while he was acting under the supervision and direction of Defendant, he was instructed by Defendant to assist him in obtaining certain store items stacked in the store's warehouse area. Plaintiff asserts that he "was directed to stand upon a wooden pallet under which the Defendant inserted the forks of a rubber tired Nissan forklift truck and Plaintiff was thereafter elevated by the Defendant to a height of approximately fifteen (15) feet above the level of the concrete floor."

Plaintiff states that thereafter he fell off the wooden pallet to the concrete floor, sustaining serious injuries. He alleges that Defendant caused and increased the risk of Plaintiff's injuries in certain particulars, including that the forklift was not designed for raising personnel and it was dangerous and likely to cause harm to Plaintiff by doing so and that there were no safety precautions or devices used to prevent Plaintiff from falling.

In *Workman,* this District, per Judge Kenneth W. Shrum, considered the history and many cases discussing whether a co-employee, including a supervisor, may be liable for an employee's injury, notwithstanding the Workers' Compensation Law. No point would be served in re-discussing them. *See also* William E. Hanna, *Co–Employee Immunity: What Does It Take to Plead "Something More?,"* 53 J.Mo.BAR 77 (Mar.-Apr.1997).

■ Charging the employee merely with the general failure to fulfill the employer's duty to provide a reasonably safe place to work is not sufficient to avoid the bar of the Workers' Compensation Law. *Workman,* 854 S.W.2d at 562. However, "the creation of a hazardous condition is not merely a breach of an employer's duty to provide a safe place to work." *Tauchert v. Boatmen's Nat'l Bank,* 849 S.W.2d 573, 574 (Mo.banc 1993). Arranging a faulty hoist system for an elevator may constitute an affirmative negligent act outside the scope of the responsibility to provide a safe workplace. *Id.* Such acts constitute a breach of personal duty owed to the plaintiff and may make an employer/supervisor liable for negligence

notwithstanding the Workers' Compensation Act. *Id.*

In *Hedglin v. Stahl Specialty Co.,* 903 S.W.2d 922, 927 (Mo.App.1995), an allegation that defendant rigged a forklift with a cable or chain and ordered the decedent to suspend himself satisfied the requirement of affirmative negligence to avoid the Workers' Compensation Act. *See also Kelley v. De-Kalb Energy Co.,* 865 S.W.2d 670, 672 (Mo. banc 1993).

Under the applicable standard of review, Plaintiff's petition stated a claim upon which relief may be granted. The facts alleged show an affirmative negligent act by Defendant creating a hazardous condition beyond the responsibility of the employer to provide a safe workplace.

The order dismissing the petition is reversed and the cause remanded for further proceedings.

GARRISON, P.J., and CROW, J., concur.