**William Dill LOGSDON and Nancy Logsdon, individually; William Dill Logsdon, Next Friend for Stephanie A. Logsdon, a Minor; and Anne Logsdon, Plaintiffs–Appellants,**

v.

**Charles KILLINGER, Defendant–Respondent,**

**Tim Parker, Michael W. Pitzer, Don Dicharry, Jr., Terry Hershey, and John Doe, Defendants.**

No. 24396.

Missouri Court of Appeals, Southern District, Division One.

Jan. 17, 2002.

Rehearing Denied Feb. 5, 2002.

Roger A. Johnson; Scott J. Vorhees, The Hershewe Law Firm, P.C., Joplin, for Plaintiffs–Appellants.

Phillip D. Greathouse; Greg B. Carter, Blanchard, Robertson, Mitchell & Carter, P.C., Joplin, for Defendant–Respondent.

KERRY L. MONTGOMERY, Judge.

In this wrongful death case, Plaintiffs are the father, surviving spouse, and daughter of William D. Logsdon (Decedent). The trial court dismissed Plaintiffs' petition against Charles Killinger (Defendant) for failure to allege sufficient facts to establish a claim for negligence not barred by the Workers' Compensation Law.

With regard to Defendant,[1] Plaintiffs' petition alleges that the decedent died while working on his job with Dalton Killinger Construction Company (Employer); that Decedent was working over 20 feet above ground on a platform raised by the forks of a forklift owned by Employer; that while Decedent was on the platform, the forklift was left unattended by its operator, became unsteady and turned over, causing Decedent to fall to his death.

Plaintiffs further allege that the forklift was maintained in a hazardous condition by Defendant and other employees who had wired down a stabilizing device on the forklift so that it would not properly operate on uneven ground due to a leaking hydraulic cylinder. Plaintiffs also allege that at the instruction of Defendant, "and/or Parker," another defendant co-employee, the forklift was being misused in that it was not designed or intended to accommodate a man working on a platform.

Continuing, in Count I, Plaintiffs allege in paragraph 20 that Decedent died as a direct result of Defendant's following neg-

---

1. Other co-employees of Decedent are named as defendants in Plaintiffs' petition. However, this appeal only involves Defendant Killinger. The trial court denominated the grant of Defendant Killinger's motion to dismiss as a final judgment as required by Rule 74.01(b) finding that there is no just reason for delay in the entry of judgment on this particular matter.

ligent acts which are "something more" than general workplace dangers:

(a) Defendant made the decision to use the forklift to lift Decedent to a working position 20 feet above ground.

(b) Defendant made the decision to leave in service the forklift "despite knowing or having should have known of the defect in the forklift's stabilizers and/or hydraulics."

(c) Defendant chose not to warn Decedent about the "ultrahazardous" conditions of the "forklift."

(d) Defendant instructed his superintendent, Defendant Parker, to use the forklift in a manner which they knew was improper and contrary to the forklift's design, in lifting employees in an oversized basket to work 20 feet above ground.

(e) Defendant, knowing that the forklift may become unstable, made the decision or jointly made the decision with Parker to instruct that the forklift be parked with the raised platform on a rise next to cement tennis courts.

(f) Defendant failed to warn Decedent of the enhanced risks of danger created by the use and misuse of the defective forklift, the placement of the forklift, and the forklift being left unattended.

(g) Defendant made the decision to utilize the defective forklift with a workmen platform rather than build a scaffold beside the building despite knowing that the forklift's use on unlevel ground would create additional and unreasonable risk for his employees such as Decedent.

Subsequently, Defendant filed a "Motion to Dismiss for Lack of Subject Matter Jurisdiction." The motion alleged that Defendant was president of Decedent's em-

ployer when Decedent died but was not present on the job site at that time. The motion further alleged that "Plaintiffs failed to ... allege facts showing the 'something more' required to abrogate [Defendant's] entitlement to immunity." Finally, the motion states that, pursuant to § 287.120, Plaintiffs' sole remedy is provided by the Workers' Compensation Law. In support of this motion, Defendant filed his affidavit which recited the above facts.

The trial court sustained Defendant's motion after a hearing on July 10, 2001. The docket entry recites:

> Court takes up Defendant Charles Killinger's Motion to Dismiss. After hearing and review of all authorities supplied to Court it appears that any negligence on the part of Defendant Charles Killinger would be in the form of passive negligence and as such does not pass the "something more" test as set by the Missouri Courts. Thus Defendant Charles Killinger's Motion to Dismiss is sustained.

■ Plaintiffs' dispositive point of this appeal alleges the trial court erred in dismissing their petition because they stated a claim for actionable negligence against Defendant over and above the failure to provide a safe place to work. Consequently, Plaintiffs argue that such claim is not barred by the Workers' Compensation Law.

■ When reviewing the dismissal of a petition, the facts alleged are considered true, and the allegations are construed favorably to plaintiff in determining whether the petition invokes principles of substantive law which entitle the plaintiff to relief. *Lowery v. Air Support Int'l, Inc.*, 982 S.W.2d 326, 328 (Mo.App.1998).[2]

**2.** We understand Defendant's position that *Lowery's* standard of review is improper in

this case. However, we disagree with Defendant. Regardless of how Defendant titled his

An employer has a duty to provide a safe working environment, and this duty is not delegable. *State ex rel. Hartman v. Kintz,* 832 S.W.2d 9, 10 (Mo.App. 1992); *State ex rel. Badami v. Gaertner,* 630 S.W.2d 175, 179 (Mo.App.1982). Section 287.120.1, RSMo 1986, gives an employer immunity from common law liability for breaches of this duty. *Hartman,* 832 S.W.2d at 10. This immunity extends to any employee charged with carrying out the employer's duties. *Id.; Badami,* 630 S.W.2d at 180. A co-employee's failure to perform a duty delegated to him by his employer does not give rise to a cause of action by a fellow employee who is injured because of the failure. *Badami,* 630 S.W.2d at 179.

*Felling v. Ritter,* 876 S.W.2d 2, 5 (Mo.App. 1994).

 However, a co-employee "does not have immunity where he does an affirmative act causing or increasing the risk of injury." *Badami,* 630 S.W.2d at 179. "Charging the employee chosen to implement the employer's duty to provide a reasonably safe place to work merely with the general failure to fulfill that duty charges no actionable negligence. Something more must be charged." *Id.* at 180. The "something more" can only be determined on a case-by-case basis. *Id.*

An example of facts showing "something more" is found in *Tauchert v. Boatmen's Nat'l Bank of St. Louis,* 849 S.W.2d 573 (Mo. banc 1993). There, plaintiff alleged that an on-site foreman negligently arranged a faulty hoist system for an elevator, and when the system failed, the elevator fell and caused injury to plaintiff. The Supreme Court held:

> Defendant's alleged act of personally arranging the faulty hoist system for the elevator may constitute an affirmative negligent act outside the scope of his responsibility to provide a safe workplace for plaintiff. Such acts constitute a breach of personal duty of care owed to plaintiff. These actions may make an employee/supervisor liable for negligence ... under the workers' compensation act. *Craft v. Scaman,* 715 S.W.2d 531, 537 (Mo.App.1986). Under the law in this state, defendant may be held liable to plaintiff for his injuries and is not protected by the provisions of § 287.120.1 RSMo 1986.

849 S.W.2d at 574. In reaching this result, the Supreme Court confirmed that "[t]he creation of a hazardous condition is not merely a breach of an employer's duty to provide a safe place to work." *Id.*

In *Pavia v. Childs,* 951 S.W.2d 700 (Mo. App.1997), plaintiff's petition alleged he was a grocery store employee acting under the direction of defendant, the store manager. Defendant directed plaintiff to stand on a wooden pallet which defendant lifted with a forklift to approximately 15 feet above the concrete floor. Thereafter, plaintiff fell and suffered injuries. *Id.* at 701. Plaintiff alleged defendant caused and increased the risk of his injuries because the forklift was not designed to lift personnel, was dangerous when lifting plaintiff, and no safety precautions or devices were used to prevent plaintiff from falling. *Id.*

motion, he plainly alleges that Plaintiffs' petition failed to state sufficient facts to avoid the application of § 287.120. The trial court's docket entry of July 10, 2001, indicates the court determined only that Plaintiffs' petition failed to state a claim. Therefore, we treat

the motion, as did the trial court, based on the allegations and not the title. See *Reed v. City of Springfield,* 841 S.W.2d 283, 286, n. 5 (Mo.App.1992). Consequently, the standard of review set forth in *Lowery* is applicable to this case.

This court, relying on *Tauchert* and *Hedglin v. Stahl Specialty Co.*, 903 S.W.2d 922 (Mo.App.1995), held that plaintiff's petition stated a cause of action. *Id.* at 702. We said that "[t]he facts alleged show an affirmative negligent act by Defendant creating a hazardous condition beyond the responsibility of the employer to provide a safe workplace." *Id.*

Here, as in *Pavia*, Plaintiffs allege facts showing an affirmative negligent act by Defendant which created a hazardous condition beyond an employer's duty to provide a safe workplace. The facts alleged in this case indicate that Defendant "made the decision" to use a forklift to lift Decedent 20 feet above ground knowing the forklift was in a defective condition. The petition further alleged that Defendant "instructed" Defendant Parker to use the forklift in lifting Decedent, which was contrary to the forklift's design; that Defendant "made the decision" to park the forklift on a "rise" with the platform raised knowing the forklift could become unstable; and, finally, that Defendant failed to warn Decedent of the enhanced dangers of working on the platform under the conditions alleged. These acts, if proven, may constitute a breach of the personal duty of care owed to Decedent. *See Workman v. Vader*, 854 S.W.2d 560, 564 (Mo.App.1993) (holding that plaintiff stated a cause of action in alleging that a co-employee negligently injured the plaintiff by failing to properly dispose of packing debris and failing to warn of the danger created).

The judgment dismissing the petition is reversed and the cause remanded for further proceedings.

SHRUM, P.J., and BARNEY, C.J., concur.