

# Missouri Court of Appeals

### Southern District

### Division Two

| | | |
|---|---|---|
| ANGELA MARIE WOOD, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| vs. | ) | No. SD33073 |
| | ) | |
| JEFFREY EUGENE COPELAND, | ) | **Filed:  October 1, 2014** |
| | ) | |
| Defendant-Respondent. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF CEDAR COUNTY

Honorable James R. Bickel, Circuit Judge

### <u>REVERSED AND REMANDED</u>

Angela Marie Wood ("Plaintiff") sued her co-employee Jeffrey Eugene Copeland ("Defendant") for negligence.  The trial court granted summary judgment for Defendant, and Plaintiff appeals, raising two points.  Finding Plaintiff's first point has merit, we reverse the trial court's judgment.

### <u>Factual and Procedural Background</u>

As this case involves review of the trial court's grant of a motion for summary judgment, this Court must view the facts in the light most favorable to the party against whom judgment was entered, in this case, Plaintiff.  *See ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp.*, 854

S.W.2d 371, 376 (Mo. banc 1993). On November 26, 2011, Plaintiff was seriously injured at work when she fell from a forklift operated by Defendant.

On July 26, 2012, Plaintiff sued Defendant seeking damages based on Defendant's negligence in operating the forklift. On September 16, 2013, Defendant filed a motion for summary judgment, arguing there were no facts showing Defendant owed Plaintiff an independent duty apart from the employer's non-delegable duty to provide a safe workplace. The trial court granted the motion, and Plaintiff appeals.

## Standard of Review

The standard of review for an appellate court reviewing the grant of a motion for summary judgment is *de novo*. ***Jordan v. Peet***, 409 S.W.3d 553, 557 (Mo. App. W.D. 2013). "The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially." ***ITT,*** 854 S.W.2d at 376. This Court "will review the record in the light most favorable to the party against whom judgment was entered." ***Id.*** Additionally, the Court must "accord the non-movant the benefit of all reasonable inferences from the record." ***Id.*** Furthermore, "[a]s the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment." ***Id.***

## Discussion

Both of Plaintiff's points address the propriety of the trial court's ruling that there was no genuine issue of material fact regarding Defendant's duty as a co-employee in a negligence case and that Defendant was entitled to judgment as

2

a matter of law. In her first point, Plaintiff argues the trial court erred when it granted summary judgment to Defendant because Defendant failed to show there was no genuine issue of material fact with respect to the issue of whether Defendant owed Plaintiff a duty. In her second point, Plaintiff argues she demonstrated a triable issue of fact regarding Defendant's duty. Because we determine Plaintiff's first point has merit, we do not reach Plaintiff's second point.

In *ITT*, the Supreme Court of Missouri explained the procedure for evaluating a motion for summary judgment. First, the reviewing court must determine whether the moving party is a claimant or a defending party. *Id.* at 380. Next, the reviewing court determines whether the motion showed there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Id.* Finally, if the motion satisfies the requirements of Rule 74.04(c),[1] the reviewing court determines whether the non-movant has set forth specific facts showing there is a genuine issue for trial. *Id.* at 381.

### Defendant Is a Defending Party

Once the uncontroverted material facts have been established, the first issue which must be considered in addressing the propriety of the grant of the motion for summary judgment is whether Defendant is a claimant or a defending party. *See ITT*, 854 S.W.2d at 380. "A claimant is one who 'seeks to recover,' without regard to whether recovery is sought by claim, counterclaim, cross-claim or declaratory judgment." *Id.* "A 'defending party' is one against whom recovery is sought." *Id.*

---

[1] All rule references are to Missouri Court Rules (2014).

In the present case, Plaintiff sought damages for personal injury. Defendant filed an answer and asserted affirmative defenses, but did not file a counterclaim. Defendant was a defending party because Plaintiff sought recovery against him. *See **id.***

### Defendant Is Not Entitled to Judgment as a Matter of Law

Now that we have determined Defendant is a defending party, this Court must consider whether the uncontroverted material facts established Defendant's right to judgment as a matter of law. Again we are guided by the opinion of the Supreme Court of Missouri in ***ITT***:

> a 'defending party' may establish a right to judgment by showing (1) facts that negate *any one* of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements, or (3) that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly-pleaded affirmative defense.

***Id.*** at 381. Thus, we must turn to the substantive law to determine the elements of the claim at issue.

Because the injury occurred in this case after 2005 but before 2012, we are not confronted with an issue of co-worker immunity under the workers' compensation law. *See **Robinson v. Hooker***, 323 S.W.3d 418, 425 (Mo. App. W.D. 2010). Thus, we must apply the common law rules of negligence for co-worker liability. ***Carman v. Wieland***, 406 S.W.3d 70, 76 (Mo. App. E.D. 2013). The law of co-worker liability for injuries in common law negligence is well settled. *See **Pavia v. Childs***, 951 S.W.2d 700, 701 (Mo. App. S.D. 1997). "When a plaintiff brings a common-law negligence action against a co-employee,

4

she must establish the same elements applicable to any negligence action: 1) that a duty existed on the part of the defendant to protect the plaintiff from injury; 2) that the defendant failed to perform the duty; and 3) that the defendant's failure proximately cause[d] the plaintiff's injury." **Carman**, 406 S.W.3d at 76. "Critically, a co-employee's personal duties to fellow employees do not include a legal duty to perform the non-delegable duties belonging to the employer under common law." **Id.** However,

> [t]he creation of a hazardous condition is not merely a breach of an employer's duty to provide a safe place to work. . . . Such acts constitute a breach of personal duty of care owed to plaintiff. These actions may make an employee/supervisor liable for negligence and are not immune from liability under the workers' compensation act. Under the law in this state, defendant may be held liable to plaintiff for his injuries[.]

**Tauchert v. Boatmen's Nat'l Bank**, 849 S.W.2d 573, 574 (Mo. banc 1993) (citation omitted). We believe that **Tauchert** remains the controlling law in this state on what type of co-employee conduct falls outside the employer's non-delegable duty to provide a safe workplace.

Following **Tauchert**, in **Pavia**, this Court addressed a situation very similar to the present case. In that case, the plaintiff alleged his supervisor had instructed him to stand on a pallet on a forklift to be lifted up to retrieve items stored at a height of 15 feet. **Id.** The plaintiff then fell and sustained serious injuries. **Id.** The plaintiff sued his supervisor, and the trial court granted the supervisor's motion to dismiss for failure to state a claim. **Id.** We reversed because the allegations were sufficient to show an affirmative negligent act by the supervisor. **Id.** at 702.

5

Here, the uncontroverted material facts are nearly identical to those in *Pavia*. The uncontroverted material facts in the present case include only the following: "[P]laintiff fell from a pallet that was on a forklift operated by [D]efendant[,]" Defendant "was the on-duty manager and supervisor of Summerfresh Market[,]" Defendant "was [P]laintiff's store manager and a co-employee[,]" and Plaintiff alleged Defendant "negligently operated the forklift causing it to suddenly and unexpectedly move, jerk and hit a wall thereby causing" Plaintiff's injuries. These facts do not show Plaintiff will be unable to prove Defendant owed her a duty outside the employer's non-delegable duty to provide a safe place to work.

In support of his conclusion to the contrary, Defendant argues there is evidence showing Plaintiff's injury arose in the course of work because there was evidence in Plaintiff's deposition that Plaintiff had in the past "used the same forklift, in the same manner, at the same store, to do the same thing, and did so knowing [Defendant], the store manager, was authorized to operate the forklift." Defendant's reliance on those alleged facts is misplaced. Those facts were not in the statement of uncontroverted material facts or the response to the motion for summary judgment. Thus, they are irrelevant to our determination, as "[i]t is not the function of the circuit court or appellate court to sift through a voluminous record in an attempt to determine the basis for the motion." *State ex rel. Nixon v. Hughes*, 281 S.W.3d 902, 908 (Mo. App. W.D. 2009).

The uncontroverted material facts do not prove Defendant was entitled to judgment on the motion for summary judgment as a matter of law.

6

## **Decision**

The trial court's judgment in favor of Defendant is reversed, and the case is remanded for further proceedings consistent with this opinion.

MARY W. SHEFFIELD, P.J. - OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. - CONCURS

DON E. BURRELL, J. - CONCURS