CENTERCO PROPERTIES, INC. and
D. Samuel Wise, Plaintiff–Appellant/
Cross–Respondent,

v.

BOULEVARD INVESTMENT COMPA-
NY, Defendant–Respondent/
Cross–Appellant.

Nos. 57344, 57407.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 24, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 22, 1990.

Application to Transfer Denied
Oct. 16, 1990.

Steven M. Hamburg, Theresa Counts Burke, Ronald N. Compton, St. Louis, for plaintiff-appellant/cross-respondent.

Paul Simon, Jr. and Jim Shoemake, St. Louis, for defendant-respondent/cross-appellant.

PUDLOWSKI, Presiding Judge.

Centerco Properties Inc. and D. Samuel Wise (Realtors) appeal from a summary judgment.

On March 31, 1981, Boulevard Investment Company (Boulevard), respondent, entered into an agreement with Parklin Associates for the sale of the Bel Air West Motor Hotel in St. Louis. Realtors acted as real estate brokers for this transaction. The ostensible sale was closed on July 8, 1981, with possession of the real and personal property being transferred from Boulevard to Parklin Associates (Parklin). As Parklin began remodeling the hotel in late 1981 they discovered defects in the heating and air conditioning system. Due to the high cost of repairing the system Parklin could not obtain financing to pay a $400,-000.00 principal payment due in January of 1982 and therefore did not make the payment.

Parklin sued Boulevard for fraud concerning misrepresentation regarding Boulevard's knowledge of the defects in the heating and cooling system and alleged that because of Boulevard's breach of warranty Parklin's duty to perform was terminated. On January 25, 1985 the trial court entered judgment in favor of Parklin and against Boulevard for constructive fraud and breach of contract. The court rescinded the sales agreement and awarded damages to Parklin. For a more expansive description of the facts see *Iota Management v. Boulevard Investment*, 731

S.W.2d 399 (Mo.App.1987) in which this court affirmed the trial court.

Following that decision Realtors brought an action against Boulevard in an attempt to recover their commissions provided for in the agreement. The trial court granted summary judgment in favor of each realtor in the amount of $30,625 plus interest but denied realtors' request for attorney's fees and for additional interest to be paid by Boulevard. This appeal follows.

Boulevard has filed a cross appeal alleging that the trial court erred in granting summary judgment to realtors.

We reverse the summary judgment of the trial court.

█ The sales agreement was lengthy and contained numerous sections. The pertinent section for this litigation is Section 16.1. It provided for commissions to be paid by Boulevard to realtors as follows:

Section 16.1 *Seller's Obligation.* Seller represents to Purchaser that Seller has incurred no obligation to pay any commission, finders fee or similar charge in connection with the transaction provided in the Agreement other than an obligation to D. Samuel Wise and Centerco Properties, Inc., in the amount of $61,250.00, payable one half to each, if and only if, closing occurs and Seller receives payment of the $400,000.00 principal installment due on the Part Purchase Note on January 29, 1982. One half of the amount owed to each such party shall be paid on February 1, 1982, if but only if Seller receives payment of said $400,000.00, and the other one half shall be paid one year from closing date, without interest; provided, at such time, Purchaser is not in default of the Part Purchase Note or the Part Purchase Deed of Trust. If closing does not occur by reason of default by Purchaser, Seller shall have the right to all earnest money and no commission shall be paid.

The central issue framed by the parties was whether Section 16.1 of the rescinded contract was viable or null and void. The other disputed issues on appeal are all contingent on the central point being resolved.

A rational reading of the unambiguous language of the section reveals a condition precedent which must be satisfied in order for the realtors to be eligible to receive their commissions. That section patently states that Boulevard is obliged to pay Realtors a commission "if and only if, closing occurs *and* (emphasis added) Seller (Boulevard) receives payment of the $400,000.00 principal installment due on the Part Purchase Note on January 29, 1982."

█ A condition precedent in the law of contracts is a condition which must be fulfilled before the duty to perform an existing contract arises. *Gillis v. New Horizon Development Co., Inc.,* 664 S.W.2d 578 (Mo.App.1983). 17 A C.J.S. Contracts § 337, p. 315.

The condition in § 16.1 never was fulfilled. Boulevard never received the $400,000.00 on January 29, 1982, thus the condition precedent was not satisfied and Boulevard had no duty to perform.

The judgment of the trial court is reversed.

CRANDALL and KAROHL, JJ., concur.