**Angela M. BUCHHEIT,**
**Plaintiff–Appellant,**

v.

**CAPE TOYOTA–SUZUKI, INC.,**
**Defendant–Respondent.**

No. 66739.

Missouri Court of Appeals,
Eastern District,
Division One.

July 25, 1995.

Francis J. Toohey, Jr., Perryville, for appellant.

Doug Sloan, Cape Girardeau, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Angela M. Buchheit, appeals from a judgment entered in a court-tried matter against appellant and in favor of respondent, Cape Toyota–Suzuki, Inc., on a contract for the sale of a used automobile. We affirm.

In October of 1991, plaintiff contacted Mike Welker, a salesperson for defendant, regarding the purchase of a car. Shortly thereafter, Mr. Welker informed plaintiff an automobile had arrived at the dealership in which he believed she might be interested. When plaintiff arrived to look at the car, it had not yet been cleaned, repaired, or made ready for sale by defendant. Plaintiff test drove the vehicle, and while doing so, noticed a paper taped to the windshield listing repairs which needed to be done to the car and also providing the name of the previous owner of the car.

Plaintiff called Paul Griffith, the prior owner, and asked him if there were any problems with the car. Mr. Griffith testified he informed plaintiff the car was either losing or using oil, and that needed to be fixed. Plaintiff testified she then contacted defendant and agreed if the oil problem was fixed, she would buy the automobile.

The testimony of the then-service manager for defendant was that the head gasket assembly was replaced in the Camry, taking care of the oil leak. Subsequently, plaintiff took delivery of the 1984 Toyota Camry [1] on November 4, 1991 for the price of $4,990.00.[2] Plaintiff received a limited warranty upon the purchase of the automobile. The warranty provided that for a term of thirty days or 1,000 miles from the date of delivery, seller would pay fifty percent of all covered repairs. The warranty disclaimed all implied warran-

---

1. At the time she took possession, the Camry's mileage registered 82,919.

2. Plaintiff was given a $990.00 credit on the trade-in of her car.

ties beyond the warranty period and stated that no other warranties applied.

About one week after taking possession, plaintiff returned with the car to the dealership. She complained she was finding oil under the car when it was parked. Evidence adduced at trial established the dealership found an oil leak upon this return visit and tightened screws on the valve cover gasket to prevent further leakage.

On December 5, 1991, plaintiff again returned with the car to the dealership. She complained she was still having to put oil in the Camry. After testing, it was determined the car needed piston ring replacement due to piston compression ring wear. In effect, the engine required disassembly and rebuilding, or replacement. Despite the fact the warranty had expired—plaintiff returned with the car on the thirty-first day after taking delivery, beyond the thirty-day warranty limit, with the car displaying mileage of 84,940, well over the 1,000 mile warranty limit—defendant offered to perform the repair and cover fifty percent of the cost of the engine replacement. Plaintiff declined the offer and continued to use the Camry until April 4, 1992, when the car became inoperable.

Plaintiff filed suit on August 24, 1992, alleging fraud and breach of an implied warranty of merchantability and requesting damages in the amount of the cost of the vehicle, plus interest and costs. On July 11, 1994, the trial court found in favor of defendant, noting plaintiff had failed to prove defendant intentionally made false representations or that the car was not fit for a particular purpose. This appeal now follows.

Plaintiff raises one point on appeal. She contends the trial court erred in failing to find that oral evidence established a condition precedent to the automobile sales contract, and the defendant's deficiency in discovering and repairing the oil consumption problem resulted in a failure of the condition precedent. We disagree.

Initially, we note, because this is an appeal from a court-tried case, we will uphold the trial court's judgment if it is based on substantial evidence, if it is not against the weight of the evidence, and if it is not based on an erroneous misapplication or declaration of the law. *V.L.P. v. J.M.T.*, 891 S.W.2d 577, 579 (Mo.App.E.D.1995). We exercise extreme caution in setting aside judgments in such cases. *Id.*

Plaintiff relies heavily on *Farmers Ins. Exch. v. Farm Bureau Mut. Ins. Co.*, 522 S.W.2d 779, 783–784 (Mo. banc 1975) wherein the Supreme Court found the trial court properly allowed parol evidence which established the existence of a condition precedent.[3] Here, there is no claim the court improperly denied the admission of parol evidence; rather, the claim is that once that evidence was entered, the court erred in not identifying a condition precedent.

We remind plaintiff the testimony offered at trial was conflicting. Plaintiff testified the dealership was told to look for oil leakage or consumption or both, and that her purchase of the vehicle was conditioned on the repair of the oil problem. No one else who testified was aware of a potential oil "consumption" problem. Bradley Boyette, sales manager at the dealership, admitted he was aware an oil "leak" had to be repaired as a condition of the contract. However, he had no knowledge of a potential consumption problem until plaintiff brought the car in "the third time" still complaining of losing oil. There were no "visible signs of leakage either on the floor or on the engine," and that is when the consumption problem was diagnosed.

Additionally, William Minter, general manager, agreed plaintiff's purchase was conditioned upon repair of the oil "leak", and that "[n]othing was ever mentioned about consuming. There's no—On the ticket, there's nothing about it." Mike Welker, salesperson, agreed there was some discussion of an oil leak, but he had no memory that plain-

---

**3.** In the law of contracts, a condition precedent is a condition that must be fulfilled before a duty to perform an existing contract arises. *Centerco*

*Properties v. Boulevard Inv.*, 795 S.W.2d 521, 522 (Mo.App.E.D.1990).

tiff's purchase of the Camry was conditioned upon the repair of the oil problem.

Dennis Bess, service manager knew there was some concern regarding an oil "leak" but does not remember being told repair of the problem was a condition of the purchase. Mr. Bess also identified Defendant's Exhibit 8 as an internal invoice for work that was done through the shop. Exhibit 8 was dated October 22, 1991 and listed items on the Camry requiring repair. The invoice indicated an oil "leak" needed to be repaired; there was nothing on the invoice relating to oil consumption.

Finally, Paul Griffith, prior owner of the Camry, was questioned as to what he had told the dealership about the car's oil problem:

Q. Did you tell anyone at Cape Toyota that it was using oil internally?

A. Using oil. I wouldn't have known— Well, I wasn't sure whether it was using oil or throwing it out.

Q. Did you observe an oil leak on the external—external to the motor?

A. There was oil on the motor, yes.

Q. Outside of the motor?

A. Outside the motor, yes.

Q. And you told them about that?

A. Yes.

As the above discussion reveals, the only individual involved in this case who claims the dealership had any knowledge of a potential oil consumption problem prior to delivery of the Camry to plaintiff, is plaintiff. The great weight of the evidence suggests repair of an oil "leak" was a condition precedent to plaintiff's purchase of the vehicle. A leak was repaired on two different occasions at no charge to plaintiff: once prior to plaintiff's taking delivery of the Camry when the head gasket was replaced; once a week later when plaintiff brought the car in after finding oil under the parked vehicle when screws on the valve cover were tightened.

The trial court is in the best position to ascertain the credibility of the witnesses. Rule 73.01(c)(2); *Gage v. Townsend,* 846 S.W.2d 769, 769–770 (Mo.App.S.D.1993). Even where there is conflicting evidence, as a court of review we accept all evidence and inferences favorable to the judgment and disregard any contrary inferences. *Page v. Associated Couriers, Inc.,* 868 S.W.2d 138, 141 (Mo.App.E.D.1993).

We find the record supports the fact repair of an oil leak was a condition precedent to plaintiff's performance under this contract. The record also supports a finding that the condition was fulfilled by defendant, thus triggering plaintiff's duty to perform.

Accordingly, the decision of the trial court is affirmed.

REINHARD, P.J., and CRAHAN, J., concur.