STATE of Missouri, ex rel. CAREER AVIATION SALES, INC., Career Aviation Academy, Oliver K. Robinson, Deborah K. Robinson, and Does 1 Through 20 Inclusive, Relators,

v.

The Honorable Robert S. COHEN, Circuit Judge, St. Louis County Circuit Court, Division No. 1, Respondent.

No. 72811.

Missouri Court of Appeals,
Eastern District,
Writ Division Two.

Sept. 9, 1997.

Jerome Wallach, Stanley J. Wallach, St. Louis, for relators.

Burton H. Shostak, St. Louis, for respondent.

RHODES RUSSELL, Presiding Judge.

Relators sought our preliminary order in prohibition to prevent respondent judge's denial of their motion to dismiss a petition against them for lack of personal jurisdiction in Missouri. The underlying litigation is an action for breach of contract, fraud, and breach of fiduciary duty by David and Judith Stone, partners of JODA Partnership ("JODA Partnership"), against Relators. We issued a preliminary order in prohibition on July 22, 1997. We make our preliminary order permanent in that we find the contract was not made in Missouri and, therefore, the requirements of the long-arm statute are not met to provide personal jurisdiction over Relators.

Relators, who are marketers and sellers of aircraft, maintain their principal place of business in California. JODA Partnership has its principal place of business in St. Louis County. Prior to April 1990, JODA Partnership contacted Relators in California in order to discuss a joint venture to be funded by JODA Partnership wherein Relators would market and sell an airplane located in Nevada. The negotiations were conducted in California.

Upon return to Missouri, JODA Partnership prepared a contract memorializing the agreement which stated that it was subject to a satisfactory pre-buy inspection. At the end of the contract, signature lines for both parties appeared under the heading "Basic Agreement Approval." JODA Partnership signed the contract in Missouri, dated April 12, 1990, and sent it to California to be executed by Relators. Relators signed the contract on April 13, 1990, in California and returned it to JODA Partnership. The next day, in Missouri, the general manager of JODA Partnership signed the document a second time under the heading "Pre–Buy Inspection and Final Funding Confirmation." Relators did not sign the document again. To fund the joint venture, JODA Partnership thereafter made arrangements with a Missouri lender to forward the purchase money to an escrow agent in Oklahoma.

In May 1996, JODA Partnership filed suit against Relators in the Superior Court of Stanislaus County, California, alleging breach of contract, fraud, and breach of fiduciary duty. Two months later, JODA Partnership filed a petition against Relators in the Circuit Court of St. Louis County, asserting the same matters alleged in the California suit. On July 8, 1997, the California suit was sent to the county arbitration program.

Relators filed a motion to dismiss for lack of jurisdiction with the Circuit Court of St. Louis County. Relators argued that they lacked sufficient minimum contacts with Missouri to be subjected to suit there, and that the making of the contract occurred in California, thereby making Missouri's long-arm statute, section 506.500 RSMo 1994, inapplicable. The trial court denied the motion finding that sufficient minimum contacts existed in that a Missouri resident was a party to the joint venture and the funding came from Missouri. The trial court also found that the contract between the parties was entered into in Missouri. Our preliminary order followed.

Prohibition is the proper remedy to prevent further action of a trial court where personal jurisdiction of the defendant is lacking. *State ex rel. Ranni Assocs. v. Hartenbach*, 742 S.W.2d 134, 137 (Mo. banc 1987). When a non-resident defendant raises the issue of lack of personal jurisdiction, the plaintiff must then demonstrate that the suit arose out of an activity enumerated in the long-arm statute, and that the defendant had sufficient minimum contacts with Missouri to satisfy due process requirements. *Id.* If either element is lacking, the Missouri court lacks jurisdiction over the defendant. *Elaine K. v. Augusta Hotel Associates*, 850 S.W.2d 376, 379 (Mo.App.1993).

Section 506.500.1 RSMo 1994 provides in part:

> Any person or firm ... or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation ... to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:
>
> .    .    .    .    .
>
> (2) The making of any contract within this state;
>
> .    .    .    .    .

■ A contract is made where the last act necessary to form a binding contract occurs. *Garrity v. A.I. Processors*, 850 S.W.2d 413, 416 (Mo.App.1993). The essential elements of a valid contract are: offer, acceptance, and bargained for consideration. *Johnson v. McDonnell Douglas Corp.*, 745 S.W.2d 661, 662 (Mo. banc 1988). Thus, for purposes of long-arm jurisdiction, a contract is made where acceptance occurs. *Quelle Quiche v. Roland Glass Foods*, 926 S.W.2d 211, 214 (Mo.App.1996).

■ Relators contend that the contract was formed in California when their agent executed the agreement there and returned it to JODA Partnership. They assert that this constituted acceptance and the final act necessary to form a binding contract. We agree.

■ To constitute an offer sufficient to result in contract, the offer must be sufficiently specific on the terms of the contract so that, upon its acceptance, a court may enforce the contract so formed. *Osage Homestead, Inc. v. Sutphin*, 657 S.W.2d 346, 352 (Mo.App.1983). Relators accepted the offer by signing the contract in California and returning it to JODA Partnership. The contract at that point was sufficiently specific and definite in its terms so as to constitute an enforceable agreement.

JODA Partnership claims that the joint venture contract was finalized in Missouri when its agent signed the pre-buy inspection and final funding confirmation. The flaw in JODA Partnership's argument is to assume

that the original signatures on the contract, which constituted an offer and an acceptance, created no obligation upon either party until JODA Partnership subsequently signed the pre-buy inspection and final funding confirmation.

A similar argument was made in *Highland Inns Corp. v. American Landmark Corp.*, 650 S.W.2d 667 (Mo.App.1983). There a vendor brought an action for breach of a contract to purchase real estate. The parties had signed a contract which required the buyer to deliver a long term mortgage commitment before a specified date. The buyer argued that the real estate contract did not become operative until the mortgage commitment had been obtained. Similarly, JODA Partnership claims that the contract at issue here did not become operative until JODA Partnership signed it a second time.

■ The court in *Highland Inns* explained that the contract in dispute was a contract of bilateral terms involving mutual promises for mutual performances. *Highland Inns* at 671. The same is true of the joint venture agreement in this case. JODA Partnership agreed to fund the purchase and improvement of the aircraft for resale. Relators agreed to market and sell the aircraft. A return promise suffices as consideration for a promise. *Id.* Thus, after acceptance, the parties were under obligation to each other to make the performances promised, and neither could withdraw with impunity.

■ Although the primary performances of marketing the aircraft and funding the purchase were not immediate, but deferred, it does not affect the validity of the undertaking as a consummated contract. *Highland Inns* at 672. The "pre-buy inspection" provision was a condition precedent of the contract. A condition precedent presupposes the existence of a contract and not the converse, as JODA Partnership argues. A condition precedent is a condition which must be fulfilled before the duty to perform an existing contract arises. *Buchheit v. Cape Toyota–Suzuki, Inc.*, 903 S.W.2d 644, 646 (Mo.App.1995). Thus, a condition precedent denotes an event which qualifies a duty under an already enforceable contract. *High-*

*land Inns* at 672. A contract condition which qualifies a duty of performance by a party does not make the existence or validity of the contract hinge on the condition. *Cohen v. Crumpacker,* 586 S.W.2d 370, 375 (Mo.App.1979).

Therefore, the contract became final in California when Relators' agent signed the agreement. Personal jurisdiction over a non-resident defendant requires both (1) an activity enumerated in the long-arm statute, the making of a contract within the state; and (2) sufficient minimum contacts with Missouri to satisfy due process requirements. *Hartenbach* at 137. Because the contract was made in California, section 506.500 is not satisfied, therefore, we need not decide the second prong as to whether Relators had sufficient minimum contacts with Missouri to satisfy due process requirements.

Accordingly, we order that our preliminary order of prohibition now be made permanent and direct Respondent to sustain Relators' motion to dismiss.

PUDLOWSKI, J., and GERALD M. SMITH, Senior Judge, concur.