Katharyn LOWERY, Plaintiff–Appellant,

v.

**AIR SUPPORT INTERNATIONAL, INC., a Missouri corporation Defendant–Respondent.**

No. 22530

Missouri Court of Appeals, Southern District, Division Two.

Dec. 31, 1998.

Mark E. Fitzsimmons, Springfield, for Appellant.

Cynthia R. Black, Crittenden, for Respondent.

ROBERT S. BARNEY, Judge.

Katharyn Lowery (Plaintiff), filed a petition for breach of contract between Plaintiff and Air Support International, Inc. (Defendant). The contract's terms, set out *infra*, provided that upon the sale of "Air Support International, Inc." and "Air Sports, Inc.," Plaintiff would receive a "4% commission" of the net proceeds to compensate Plaintiff for "past and future performance" and in lieu of her participation in a corporate profit sharing program. In her petition, Plaintiff claimed the contract was breached because Defendant had listed the "corporation" on the market for $5,000,000.00 but "willfully refused

and continues to refuse to sell and has removed the corporation from the market."[1]

Defendant moved to dismiss Plaintiff's petition on the basis that the petition failed to state a claim upon which relief could be granted. *See* Rule 55.27, Missouri Court Rules (1997). Defendant maintained that the promise to pay the commission was contingent on the corporations being sold and Plaintiff failed to state a cause of action for breach of contract because her petition did not allege that a sale had taken place.[2] The circuit court sustained Defendant's motion to dismiss and Plaintiff appealed.[3] We affirm.

"When reviewing the dismissal of a petition, the pleading is granted its broadest intendment, all facts alleged are treated as true, and it is construed favorably to the plaintiff to determine whether the averments invoke substantive principles of law which entitle the plaintiff to relief." *Farm Bureau Town & Country Ins. Co. v. Angoff*, 909 S.W.2d 348, 351 (Mo. banc 1995). "A petition is not to be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hartford Accident and Indem. Co. v. M.J. Smith Sawmill, Inc.*, 883 S.W.2d 91, 93 (Mo.App.1994)(quoting *American Drilling v. City of Springfield*, 614 S.W.2d 266, 271 (Mo. App.1981)). "The ruling [on a motion to dismiss] is ordinarily confined to the face of the petition which is construed in a light favorable to plaintiff." *Id.* "If the motion to dismiss should have been sustained on any meritorious ground alleged in the motion, the ruling of the trial court will be affirmed." *Angoff*, 909 S.W.2d at 351. "A pleading which states no cause of action confers no subject matter jurisdiction on a court and is subject to dismissal." *Phillips v. Bradshaw*, 859 S.W.2d 232, 234 (Mo.App.1993).

The contract in question in this case is brief. It is set out as follows:

### Promissory Agreement Contract

On this 18th day of November 1993, Larry J. Sullivan & Janice E. Sullivan agree to compensate Katharyn A. Lowery for her past and future performance on the job with their companies Air Support International, Inc[.] & Air Sports[,] Inc. [with] a 4% commission up on of [sic] the sale of Air Support International, Inc. & Air Sports, Inc. net proceeds from said sale in lieu of promissed [sic] profit sharing program. This amount will be due and payable within 30 days from the date of the sale of Air Support International, Inc. and Air Sports, Inc.

Katharyn A. Lowery hereby does agree to remain with the new owners of said companies for a period of one month after the transaction of said sale should it be requested by the new owners at her current wages.

Signed this 18th Day of November 1993:

| (Signed) | (Signed) |
|---|---|
| Larry J. Sullivan | Janice E. Sullivan |
| President | Vice President |

(Signed)

Katharyn A. Lowery

In her brief, Plaintiff does not question the validity of this contract nor does Plaintiff seek to reform the contract under principles of equity.[4] Instead, she seeks to enforce the contract as written and claims, in her only point on appeal, that the trial court erred in dismissing the case because the "contract was silent as to the time in which [Defendant] was to sell [the corporations] and the law will imply a reasonable time to sell and what is reasonable is a question of fact for the jury." In support of her contention,

1. The record does not reveal the exact nature of the relationship between the two corporations, including the ownership. However, the ownership of the shares of stock of either corporation is not in dispute.

2. *See generally Allen v. Watson*, 935 S.W.2d 322, 326–27 (Mo.App.1996).

3. A previous appeal in this case was dismissed by this Court because the docket entry failed to comply with Rule 74.01(a) requirements relating to how a judgment should be designated on a docket sheet. *Lowery v. Air Support International, Inc.*, 971 S.W.2d 323 (Mo.App.1998).

4. We make no comment on the validity of this contract nor the merits of any reformation attempt.

Plaintiff directs us initially to section 204 of the RESTATEMENT (SECOND) OF CONTRACTS (1979), to-wit:

> When the parties to a bargain sufficiently defined to be a contract have not agreed with respect to a term which is essential to a determination of their rights and duties, a term which is reasonable in the circumstances is supplied by the Court.

RESTATEMENT (SECOND) OF CONTRACTS § 204 (1979). Plaintiff also directs us to, and relies heavily upon, the case of *Detmer v. Miller*, 220 S.W.2d 739 (Mo.App.1949). In *Detmer*, an oral contract was made to exchange an automobile for 755 tons of crushed lime. The lime was to be made available for Miller to pick up at Detmer's lime crusher. There was no reference in the contract as to the amount of time Miller would have to take possession of the entire 755 tons of lime. Approximately thirteen months after the contract was made, Detmer closed his crusher operation. At that time Miller had removed only 500 tons of lime. *Id.* at 741. The trial court determined that the law allowed Detmer a reasonable amount of time to pick up his lime and that the jury should decide if thirteen months was a reasonable amount of time. The court of appeals agreed holding, "[i]t is fundamental in the law of contracts that when a contract is silent as to the time for its performance, the law will imply that it shall be performed within a reasonable time." *Id.* at 743.

Plaintiff reads section 204 too broadly. Further, Plaintiff's reliance on *Detmer* is not well-founded. The instant matter does not involve a situation where the time for performance is a term that has not been addressed in the contract. In the contract at hand, the time for performance is specific: the commission is to be paid "within 30 days from the date of the sale of [the two corporations]." "Where the terms of the contract are clear, this Court does not supply additional terms, but applies the agreement as written." *Brewer v. Devore*, 960 S.W.2d 519, 522 (Mo.App.1998). Our task is "to determine what the parties intended by what they said and not by what they might have said or what perhaps they should have said." *Morris v. Granger*, 675 S.W.2d 15, 17 (Mo.App. 1984). Additionally, "[a] person under no disability and under no compulsion may convey his property or relinquish his rights for as small consideration as he may decide." *Sanger v. Yellow Cab Co., Inc.*, 486 S.W.2d 477, 480 (Mo. banc 1972).

Here the contract *does not compel* the sale of Air Support International, Inc., or Air Sports, Inc. Stated another way, there is no duty on the part of Defendant to sell. Plaintiff's argument fails to recognize that in the instant matter, the sale of the property is a condition precedent to the duty of immediate performance and to any right of action for breach. *See Highland Inns Corp. v. American Landmark Corp.*, 650 S.W.2d 667, 671 (Mo.App.1983)(quoting 3A CORBIN ON CONTRACTS § 741(1960)).

A condition precedent is a condition which must be fulfilled before the duty to perform an existing contract arises. *Career Aviation Sales, Inc. v. Cohen*, 952 S.W.2d 324, 326 (Mo.App.1997). Conditions precedent are disfavored and contract provisions are construed as such only if unambiguous language so requires or they arise by necessary implication. *Morgan v. City of Rolla*, 947 S.W.2d 837, 840 (Mo.App.1997). However, a contract is not ambiguous merely because the parties disagree over its meaning. *Id.* at 841. A condition precedent denotes an event which qualifies a duty under an already enforceable contract. *Cohen*, 952 S.W.2d at 326. "[N]o promise based upon a condition can be enforced as such until the contingency upon which it depends has happened." *Highland Inns Corp.*, 650 S.W.2d at 672(quoting *McIntyre v. Kansas City*, 237 Mo.App. 1178, 171 S.W.2d 805, 811 (1943)). Furthermore, "[n]on-occurrence of a condition is not a breach by a party unless he is under a duty that the condition occur." *Id.* at 673.

In *Scott v. Moragues Lumber Co.*, 202 Ala. 312, 80 So. 394 (Ala.1918), the defendant contracted to charter a certain ship to plaintiff at specified rates if defendant were to purchase the vessel. The defendant bought the ship, thereby voluntarily performing the condition precedent to his own duty. Defendant's subsequent refusal to charter to plaintiff was held actionable. The court found

that defendant had the free choice between buying and not buying the ship; but if he chose to buy he was bound to charter to plaintiff. *Id.* at 395–396. *See In re Department of Pub. Serv.,* 157 Vt. 120, 596 A.2d 1303, 1309 (Vt.1991).

Similarly, in *Klondike Industries Corp. v. Gibson,* 741 P.2d 1161 (Alaska 1987), a resort owner contracted with a relative to manage the resort. The employment contract included a provision promising a bonus to the manager based on a percentage of the sale price of the operation when the resort was sold. *Id.* at 1162–63. The bonus contract required that the sale occur "during the term of ... employment as manager." *Id.* at 1163. Owner was unable to sell resort and manager finally quit. Seven months later owner sold the resort and manager sued for his bonus. The Alaska Supreme Court agreed with the trial court's finding that "the condition precedent to [owner's] duty to pay the bonus was not met," *Id.* at 1165, and determined that "[a]lthough [manager] had worked for five years at the [resort], and it sold only seven or eight months after he left, he did not meet the condition that he be employed at the time it was sold." *Id.* The court concluded that "[t]he fact that the parties here anticipated the sale of the [resort] within three years instead of the five years and eight months that it actually took cannot, without more, justify excusing the employment at sale requirement." *Klondike Ind.,* 741 P.2d at 1166.

 We find the instant contract similar to a contract involving "rights of first refusal," also known as "preemptions or preemptive rights," where there exists a requirement that the seller, when or if he or she decides to sell, first offer the property to the holder of the right. *See Allison v. Agribank, FCB,* 949 S.W.2d 182, 187 (Mo.App. 1997). A preemption, however, does not give its holder the power to compel an unwilling seller to sell; it merely requires the owner, when and if he or she decides to sell, to offer the property first to the person entitled to the preemption, at the stipulated price.[5] *Id.*

 Considering the foregoing, we hold that the under the terms of the instant contract, the sale of the two corporations was a condition precedent to the duty of Defendant to pay Plaintiff the 4% commission. *See Globe American Corp. v. Miller Hatcheries, Inc.,* 110 S.W.2d 393 (Mo.App.1937). It appears to be well settled that the performance of a condition precedent must be alleged in the petition or an excuse given for its nonperformance. *Id.* at 396. In her petition, Plaintiff neither averred that the sale of the two corporations had taken place nor did she set out any excuse for the nonperformance of the foregoing condition precedent. This deficiency was fatal to Plaintiff's cause of action. The point is denied.

Judgment affirmed.

GARRISON, C.J., SHRUM, P.J., concur.

---

**5.** A preemption differs materially from an option. *Allison* at 187. "An option creates in the optionee a power to compel the owner of property to sell it at a stipulated price *whether or not he or she is willing to part with ownership.*" *Id.*(emphasis added).