45 F.Supp.2d 680 (1999)
Hugh W. HARRISON, Jr., Plaintiff,
v.
UNION PACIFIC RAILROAD COMPANY, et al., Defendants.
No. 4:98 CV 1445 DDN.
United States District Court, E.D. Missouri, Eastern Division.
March 11, 1999.
*681 Patrick J. Hagerty, Gray and Ritter, St. Louis, MO, Phillip J. Duncan, Little Rock, AR, for plaintiff.
Stephen M. Buckley, Union Pacific Railroad Company, St. Louis, MO, for defendants.

MEMORANDUM
NOCE, United States Magistrate Judge.
This action is before the Court upon the motion of the plaintiff to remand the action to the Missouri state circuit court (Doc. No. 15) and the motions of the defendants to dismiss for lack of personal jurisdiction (filed August 26 and October 15, 1998) (Doc. No. 17) and to transfer the action (Doc. No. 24). The parties have consented to the exercise of authority by a United States Magistrate Judge under 28 U.S.C. § 636(c). A hearing was held on these motions on January 15, 1999.
Plaintiff Hugh W. Harrison, Jr., as the administrator of the estate of decedent Joseph E. Privett, commenced this action in the Circuit Court of the City of St. Louis. Defendant Union Pacific Railroad Company (Union Pacific) removed the action to this Court, under 28 U.S.C. § 1441, invoking the diversity of citizenship subject matter jurisdiction of the Court, granted by 28 U.S.C. § 1332.
Plaintiff alleges that he is a citizen of Arkansas and that the estate of decedent was established under Arkansas law. He alleges a cause of action, based upon negligence, arising out of a collision between the decedent's truck and the defendant's train on February 14, 1996, in Poinsett County, Arkansas. Plaintiff alleges that defendant Union Pacific is a Utah corporation which does business in Arkansas and Missouri, and that defendants Gary Emmert, C.R. Printup, and F.F. Schuchardt, the train's crew, are citizens of Tennessee,[1] Mississippi, and Arkansas, respectively. More specifically, plaintiff alleges that defendant Union Pacific has offices, agents, tracks, and substantial contacts in the City of St. Louis.

Motions to dismiss and to remand.
Defendants Printup and Schuchardt move to dismiss the action under Rule 12(b)(2), Federal Rules of Civil Procedure, for lack of personal jurisdiction. Defendants argue that they have not engaged in any activity that would subject them to jurisdiction under the Missouri long arm statute, Mo.Rev.Stat. § 506.500. Plaintiff has moved to remand the action to the *682 Missouri state court, because the presence of defendant Schuchardt in the case destroys the complete diversity of citizenship necessary to this Court's subject matter jurisdiction under 28 U.S.C. § 1332. Defendants would have the Court preserve its subject matter jurisdiction by dismissing Schuchardt from the case for lack of personal jurisdiction. Cf., St. Paul Fire and Marine Ins. Co. v. Helena Marine Service, Inc., 884 F.2d 391, 393 (8th Cir.1989), cert. denied, 494 U.S. 1004, 110 S.Ct. 1298, 108 L.Ed.2d 475 (1990); Reeb v. Wal-Mart Stores, Inc., 902 F.Supp. 185, 187-89 (E.D.Mo.1995).
In ruling these motions, the Court must decide, first, whether the facts of the case are sufficient to establish that Missouri state courts would find personal jurisdiction over the movant-defendants and, assuming a positive determination of that issue, second, whether those facts also satisfy the requirements of the Due Process Clause of the Fourteenth Amendment for personal jurisdiction. Digi-Tel Holdings, Inc. v. Proteq Telecommunications, Ltd., 89 F.3d 519, 522 (8th Cir.1996); Institutional Food Marketing Associates, Ltd. v. Golden State Strawberries, Inc., 747 F.2d 448, 452-53 (8th Cir.1984); Chromalloy American Corp. v. Elyria Foundry Co., 955 S.W.2d 1, 3-5 (Mo.1997) (en banc).
In a diversity case, such as this, the Court must apply the law which the Missouri state courts would apply. Institutional Food Marketing Associates, Ltd., 747 F.2d at 453. Plaintiff bears the burden of making a prima facie showing of personal jurisdiction. Digi-Tel Holdings, Inc., 89 F.3d at 522.
Because the movants are not Missouri residents and there is no indication that service of process on them was accomplished within Missouri,[2] the Missouri long arm statute applies. Cf., State ex rel. K-Mart Corp. v. Holliger, 986 S.W.2d 165, 166 (Mo.1999) (en banc). The Missouri long arm statute provides in relevant parts:
1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any such acts:
* * * * * *
(3) The commission of a tortious act within this state;
* * * * * *
3. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.
Mo.Rev.Stat. § 506.500 (1994).
Missouri courts apply the long arm statute to nonresidents to the fullest extent permissible under the Due Process Clause. Institutional Food Marketing Associates, Ltd., 747 F.2d at 453. See also State ex rel. K-Mart Corp., 986 S.W.2d 165, 166. This does not mean that the boundaries of the Missouri long arm statute are in every case coterminous with the Due Process Clause; rather, Missouri courts will construe the reach of the statute to effectuate the legislature's intent. E.g., Scullin Steel Co. v. National Railway Utilization Corp., 676 F.2d 309, 311-12 (8th Cir.1982); State ex rel. Career Aviation Sales, Inc. v. Cohen, 952 S.W.2d 324, 325-27 (Mo.Ct.App.1997).
As stated, the first issue is whether the facts of this case come within the scope of the long arm statute. The relevant provision of the statute covers "[t]he commission of a tortious act within this state." Mo.Rev.Stat. § 506.500.1(3). Plaintiff alleges that the individual defendants negligently *683 caused the death of decedent in the truck-train collision in Arkansas on February 14, 1996, by failing to keep an appropriate lookout, by failing to sound the horn at the appropriate time, by failing to slow the train appropriately for the conditions, and by failing to brake the train appropriately.
Defendants do not argue that plaintiff has not stated a claim based upon negligence, only that the claim arose in Arkansas and not in Missouri. Subsection 1(3) of § 506.500 has been interpreted by Missouri courts as including "extraterritorial acts that produce actionable consequences in Missouri." Cavaness v. Kreutz, 7 Fed. R.Serv.3d 215, 1987 WL 8053, at *2 (W.D.Mo.1987) (quoting Fulton v. Chicago R.I. & P. Rr. Co., 481 F.2d 326, 331 (8th Cir.)), cert. denied sub nom., Soo Line R.R. Co. v. Fulton, 414 U.S. 1040, 94 S.Ct. 540, 38 L.Ed.2d 330 (1973); Institutional Food Marketing Associates, Ltd., 747 F.2d at 453.
"A non-resident defendant `commits a tortious act within the state' [consistent with § 506.500 and due process] when, through wholly extraterritorial acts it sets in motion a course of action deliberately designed to move into the forum state in order to injure plaintiff's business." Pfeiffer v. International Academy of Biomagnetic Medicine, 521 F.Supp. 1331, 1336 (W.D.Mo.1981).
Cavaness, at *2. In Cavaness, the Western District of Missouri held that the defendant attorney's acts of fraud, deceit, conversion and malpractice were committed in Colorado and were intended to deprive the plaintiff of his property interest in cattle situated in Colorado. Nothing in the record indicated that the defendant's acts "had any actionable consequences in Missouri or that Cavaness was a resident of Missouri at the time the alleged wrong was done." Id. at *3. The motion to dismiss for lack of personal jurisdiction was granted.
The case of State ex rel. Caine v. Richardson, 600 S.W.2d 82 (Mo.Ct.App.1980), cited by plaintiff, is inapposite. In Caine the decedent died while piloting an airplane that crashed in Arkansas. The plane was manufactured in Kansas and the plaintiffs sued in Missouri state court. The Missouri Court of Appeals held that the facts of the case came within the bounds of the relevant long arm statute, § 351.633, because an element of the products liability cause of action in that case included the fact that the defendant marketed the plane in Missouri. This sufficed to bring the defendant's actions under the long arm statute which covered the commission of a tort in whole or in part in Missouri. 600 S.W.2d at 86. No similar circumstance exists in this case.
Under the facts of this case, the courts of Missouri would not find personal jurisdiction over the individual defendants under § 506.500.1(3); nothing in the facts of this case indicate that the defendants' alleged negligence had actionable consequences in Missouri. While the Due Process Clause of the Fourteenth Amendment might authorize a different result, see Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n. 9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) ("general" personal jurisdiction, based upon regular and repeated contacts with the forum state, can satisfy the Due Process Clause), the initial inquiry must focus upon the scope of the Missouri statute, which does not cover plaintiff's tort claim against the individual defendants. This being so, it is not necessary for the Court to determine whether the imposition of personal jurisdiction would violate the Due Process Clause in this case. State ex rel. Career Aviation Sales, Inc., 952 S.W.2d at 327.
For these reasons, the motion of the individual defendant-movants to dismiss for lack of personal jurisdiction must be sustained. Without defendant Schuchardt, there is complete diversity of citizenship and the motion to remand for lack of subject matter jurisdiction will be denied.

*684 Motion to transfer.

Defendant Union Pacific has moved to transfer this action to the United States District Court for the Eastern District of Arkansas under 28 U.S.C. § 1404(a). Under § 1404(a), this court may transfer this action
[f]or the convenience of parties and witnesses, in the interest of justice ... to any other district ... where [the action] might have been brought.
See 28 U.S.C. § 1404(a). This Court properly has subject matter jurisdiction over the action based only upon 28 U.S.C. § 1332 (diversity of citizenship). Therefore, this action might have been brought in the judicial district where a substantial part of the events giving rise to the claim occurred. See 28 U.S.C. § 1391(a)(2). As set forth above, the truck-train collision occurred in Poinsett County, Arkansas, which is in the Eastern District of Arkansas. 28 U.S.C. § 83(5).
From the pleadings and papers filed in this action, it is clear that the plaintiff resides in Arkansas, the collision occurred in the Eastern District of Arkansas, defendant Union Pacific is amenable to service and does business in that district, none of the witnesses to the collision reside in the Eastern District of Missouri, the employee-operators of the train reside in Arkansas, Texas (or Tennessee), and Mississippi, and the witnesses not employed by Union Pacific reside in Arkansas. These facts give rise to the conclusion that Eastern District of Arkansas would have personal jurisdiction over the parties. Ark.Code Ann. §§ 16-4-101, XX-XX-XXX; Watkins Motor Lines, Inc. v. Hedrick, 316 Ark. 683, 873 S.W.2d 814, 815 (1994); International Shoe Co. v. Washington, 326 U.S. 310, 316-17, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Therefore, this action might have been brought in that district. 28 U.S.C. § 1404(a).
When considering a motion to transfer venue under 28 U.S.C. § 1404(a), the convenience of witnesses is the most important factor. May Department Stores Co. v. Wilansky, 900 F.Supp. 1154, 1165 (E.D.Mo.1995). Plaintiff resides in Arkansas, several important witnesses are located in that state. Litigation of this action in this district would cause substantial expense and inconvenience to witnesses for both the plaintiff and the defendant. No witness or individual party resides in this district. General Committee of Adjustment, GO-386 v. Burlington Northern Rr., 895 F.Supp. 249, at 253 (E.D.Mo.1995). Clearly, for the convenience of the parties and the witnesses, a transfer of the action to the Eastern District of Arkansas is indicated.
An appropriate order is issued herewith.

ORDER
In accordance with the Memorandum of the Court filed herewith,
IT IS HEREBY ORDERED that the motions of defendants C.R. Printup and F.F. Schuchardt to dismiss the claims against them for lack of personal jurisdiction (filed August 26 and October 15, 1998) (Doc. No. 17) are sustained.
IT IS FURTHER ORDERED that the motion of the plaintiff to remand this action to the Circuit Court of the City of St. Louis (Doc. No. 15) is denied.
IT IS FURTHER ORDERED that the motion of defendant Union Pacific Railroad Company to transfer the action (Doc. No. 24) is sustained. The Clerk shall transfer this action to the United States District Court for the Eastern District of Arkansas.
NOTES
[1] Union Pacific alleges in its answer that it believes defendant Emmert now resides in Texas. This is not disputed by plaintiff.
[2] The record indicates that defendant Printup was served with process in the state of Mississippi. Notice of Removal, Exh. B, filed August 26, 1998.