**JOHNSON HEATER CORP., d/b/a Johnson Marcraft, Respondent/Cross–Appellant,**

v.

**David DEPPE, Appellant/Cross–Respondent.**

**No. ED 80011.**

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 3, 2002.

Rudolph A. Telscher, Jr., Harness, Dickey & Pierce, Clayton, MO, for Appellant/Cross–Respondent.

Andy Batty, Scharf Law Firm, Litchfield, IL, for Respondent/Cross–Appellant.

GLENN A. NORTON, Judge.

David Deppe and Johnson Heater Corporation each appeal the trial court's judgment awarding Deppe damages under a warranty in the parties' contract. Deppe also appeals the denial of his motion to dismiss Johnson Heater's petition for lack of personal jurisdiction. We reverse the denial of the motion to dismiss and remand.

## I. BACKGROUND

Deppe, a Wisconsin resident, was planning to build a warehouse for his business in Wisconsin and was referred to Johnson Heater for information about HVAC systems. Deppe called Johnson Heater, a Missouri corporation, at its home office in St. Louis County. After providing Deppe the information, the sales work was turned over to Johnson Heater's regional sales manager in Wisconsin. The sales manager went to Deppe's office in Wisconsin to review the design plans. Later, he sent Deppe a proposal, outlining information about the construction and dimensions of Deppe's warehouse and its heating and ventilation system needs. Below that information, the following appeared:

**BASED ON THE ABOVE, WE OFFER** One custom designed AIR–ROTATION® air handling and heating unit per data incorporated and enclosed.

The proposal also set out the price, the items included and excluded from the agreement, satisfaction guarantees and warranties.

The last page of the proposal was a Purchaser Acceptance form. It identified the purchaser as Deppe, the project as his warehouse, the "purchase" as "one (1) custom designed and factory fabricated AIR–ROTATION® system per our proposal" and the price. There was a space for Deppe's signature and, beneath that, instructions for Deppe to retain a copy for his records and return the original form to the Johnson Heater representative at the address shown on the front of the proposal, which was a Wisconsin address. Deppe signed it in Wisconsin, without additions, and returned it.[1]

Johnson Heater's home office in St. Louis received the signed Purchaser Acceptance form and began a credit check. After his credit was approved and delivery dates and schedules were arranged, the company sent Deppe an Order Acceptance. That document stated that it was not an

---

1. We assume, since the record does not indicate otherwise, that Deppe returned the signed form to the sales manager in Wisconsin as the form directed. Even if he had returned it directly to the St. Louis office, that would not alter our discussion of personal jurisdiction below. That analysis turns on where Deppe signed the form, not on where Deppe sent it.

invoice—"do not pay from this acknowledgment." The Order Acceptance described the product and that it was sold to Deppe and should be shipped to Deppe. The freight terms were included, as well as a page of Terms and Conditions of Sale, the first paragraph of which stated, in part:

> If your order is an acceptance of a written quotation or proposal, on a form provided by Johnson Heater Corporation ("Seller") without the addition of any other terms and conditions of sale or any other modification, this document shall be treated solely as an acknowledgment of such order.

It appears this page was also included with the proposal.

Deppe never visited Johnson Heater's St. Louis office, but had several phone conversations with employees at that office. After the initial call for information to a director in the office, Deppe called that director at least one other time. He called one engineer at least twice for professional assistance, and another engineer claimed that Deppe called her "numerous times." Deppe also provided information to Johnson Heater's St. Louis office by mail and fax; he mailed his check for full payment to St. Louis.

Deppe has no agents, offices or other physical presence in Missouri of any kind. He conducts no business in this state and has not been to St. Louis since the 1950s.

After he began experiencing problems with moisture and condensation in his warehouse, Deppe notified Johnson Heater and asked for assistance solving the problem under the satisfaction guarantee provided in the proposal. Johnson Heater determined that the problem was not covered by the guarantee because the HVAC unit it sold Deppe was not intended to, and does not, remove or prevent moisture or condensation. Deppe had another compa-

ny install additional equipment to resolve the problem and demanded reimbursement from Johnson Heater. It refused and sought a declaration in the Circuit Court of St. Louis County, Missouri, that its warranty does not cover the moisture and condensation problem and that it owed Deppe no reimbursement.

Deppe filed a motion to dismiss for lack of personal jurisdiction, which he supported with his declaration. Johnson Heater responded and submitted the declarations of its employees. The trial court denied the motion, and Deppe answered the petition. Deppe also asserted a counterclaim for breach of contract, seeking damages for the amount he spent on the additional equipment to resolve the moisture problems. After a bench trial, the court found that the warranty applied and that Johnson Heater was liable for the cost of some of the equipment Deppe purchased.

Deppe appeals and seeks reversal of the damages award, claiming that the amount of the award is too low. He also appeals the denial of his motion to dismiss for lack of personal jurisdiction. Johnson Heater appeals and seeks reversal of the judgment, claiming that the trial court interpreted the contract incorrectly.

## II. DISCUSSION

Not surprisingly, Deppe would like us to first review the issue of damages, and *if* we determine that he is entitled to more damages, then he will waive the challenge to jurisdiction. We must first determine if Missouri courts have jurisdiction over Deppe. If there is no jurisdiction, then Johnson Heater's petition for declaratory relief should have been dismissed and with it will go Deppe's counterclaim and his judgment. Winning litigants should not

raise a challenge to jurisdiction on appeal if they are not willing to forfeit their prize.

■ The determination of jurisdiction is for the trial court "in the first instance." *Stavrides v. Zerjav*, 848 S.W.2d 523, 527 (Mo.App. E.D.1993). "But the sufficiency of the evidence to make a prima facie showing that the trial court may exercise personal jurisdiction is a question of law, which we review independently on appeal." *Id.*

■ It is the plaintiff's burden to establish a prima facie case of jurisdiction in order to withstand a defendant's motion to dismiss. *Osage Homestead, Inc. v. Sutphin*, 657 S.W.2d 346, 350 (Mo.App. E.D. 1983). This burden is met by showing: (1) that the action arose out of an activity covered by the long-arm statute and (2) that the defendant had sufficient minimum contacts with this state to satisfy due process requirements. *Conway v. Royalite Plastics, Ltd.*, 12 S.W.3d 314, 318 (Mo. banc 2000). Two activities enumerated in the long-arm statute are at issue here: transacting business within this state and making a contract within this state. *See* section 506.500.1 RSMo 2000.[2]

### A. Making a Contract

■ A contract is made where the last act necessary to form a binding contract occurs. *State ex rel. Career Aviation Sales, Inc. v. Cohen*, 952 S.W.2d 324, 326 (Mo.App. E.D.1997). For purposes of long-arm jurisdiction, a contract is made where acceptance occurs. *Id.* Deppe contends that this is a Wisconsin contract because he accepted Johnson Heater's proposal in Wisconsin. Johnson Heater claims that the Purchaser Acceptance form was an "order," which was accepted in its St. Louis office. We agree with Deppe.

**2.** All statutory references are to RSMo 2000.

■ To form a contract, there must be an offer, acceptance and consideration. *Id.* The offer must be sufficiently specific as to the terms of the contract so that, upon its acceptance, a court may enforce the contract. *Id.* Here, the proposal made by Johnson Heater explicitly stated it was an offer and was sufficiently specific as to the terms of the agreement. The offer was accepted when Deppe signed the Purchaser Acceptance, without any additions, and returned it to Johnson Heater. Johnson Heater claims that the sale was conditioned on credit approval and, thus, the order was not accepted until it sent Deppe the Order Acceptance. But a condition precedent, such as credit approval, presupposes the existence of a contract and not the converse. *See id.* at 326–27. A condition precedent is one that must be fulfilled before the duty to perform an existing contract arises, but the existence or validity of the contract does not hinge on the condition. *Id.* Here, Johnson Heater's duty to perform—to build the equipment—may have been conditioned on approval of Deppe's credit, but the contract existed and was valid at the time of acceptance by Deppe.

The Order Acceptance and attached Terms and Conditions of Sale were merely an acknowledgment of Deppe's order. Acceptance occurred in Wisconsin, and therefore the contract was made in Wisconsin and cannot form the basis of Missouri long-arm jurisdiction.

### B. Transacting Business

■ Deppe has not transacted any business in this state sufficient to confer long-arm jurisdiction over him. For purposes of the statute, the "transaction of any business" is construed broadly and may consist of a single transaction if that transaction gives rise to the suit. *State ex*

*rel. Nixon v. Beer Nuts, Ltd.,* 29 S.W.3d 828, 834 (Mo.App. E.D.2000). But use of the mail or telephone communications, without more, does not constitute the transaction of business for purposes of long-arm jurisdiction in Missouri. *Elaine K. v. Augusta Hotel Associates Limited Partnership,* 850 S.W.2d 376, 379 (Mo.App. E.D.1993). Here, the only alleged business Deppe transacted was by telephone, fax and mail. He was not transacting business in this state.

### C. Due Process

■ Even if Deppe's activity constituted the making of a contract or the transacting of business in this state, his contacts overall are insufficient under the due process clause. The due process clause of the Fourteenth Amendment to the United States Constitution limits a court's power to exercise in personam jurisdiction. *Conway,* 12 S.W.3d at 318. Due process requires that the defendant have certain minimum contacts with the state so that maintaining the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The basic test is whether Deppe has purposefully availed himself to the jurisdiction of our courts:

> This "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts, . . . or of the "unilateral activity of another party or a third person," . . . Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant *himself* that create a "substantial connection" with the forum State.

*Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475–76, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (emphasis in original) (internal citations omitted).

The only contacts Deppe had with Missouri were phone calls, mail and faxes. There is only specific evidence of four phone calls initiated by Deppe. Those calls plus some mailings and facsimile transactions are not enough to create a "substantial connection" with Missouri such that compelling him to court here does not offend our notion of fair play. *See Elaine K.,* 850 S.W.2d at 379.

Deppe's second point is granted, and Johnson Heater's petition should have been dismissed. Because this point is dispositive, we will not address any other points.

■ Ordinarily, dismissal of the petition would not, by itself, necessitate dismissal of Deppe's counterclaim. *See* Rule 67.05; *see also* section 510.170. But here, where we have held that the trial court had no jurisdiction over Deppe, the trial court also had no jurisdiction to consider his forced counterclaim. *See M & D Enterprises, Inc. v. Fournie,* 600 S.W.2d 64, 69 (Mo.App. S.D.1980). By ordering the trial court to dismiss all claims without prejudice, the parties will have the opportunity to seek a single proper forum to litigate any claims that they may have against one another. *See Fournie,* 600 S.W.2d at 69; *see also N.G. Heimos Greenhouse, Inc. v. City of Sunset Hills,* 597 S.W.2d 261, 263 (Mo.App. E.D.1980) (dismissing counterclaim with petition— over which court lacked jurisdiction because administrative remedies were not exhausted—despite section 510.170, to facilitate "orderly process under the circumstances of this case"). Moreover, Rule 67.05 only applies to a *"previously* filed counterclaim." (emphasis added). Here, the counterclaim was filed after Deppe's motion to dismiss the petition was denied. If that motion had been granted, as we are ordering the trial court to do on remand,

there would have been no "previously filed counterclaim."

## III. CONCLUSION

The judgment is reversed, and the case is remanded to the trial court with directions to set aside its order denying Deppe's motion to dismiss and to enter an order granting the motion. The trial court is further directed to dismiss Johnson Heater's petition and Deppe's counterclaim, both without prejudice.

WILLIAM H. CRANDALL, JR., P.J. and SHERRI B. SULLIVAN, J. concurring.