# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-3482

_____

St. Louis Produce Market,

*Plaintiff - Appellee*,

v.

Clarence Hughes,

*Defendant - Appellant*,

Bruce Rubin,

*Counter Defendant*.

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 24, 2013
Filed: November 14, 2013

_____

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Clarence Hughes appeals an order of the district court[1] granting summary judgment in favor of the St. Louis Produce Market. The Market sought a declaration that its employment separation agreement with Hughes was invalid, claiming that Hughes had altered the agreement and fraudulently induced the president of the Market to sign it. Hughes counterclaimed to enforce the agreement. We affirm.

I.

Hughes was the property manager for the Market from 1990 until the Market eliminated his position in August 2009. The Market drafted and sent Hughes a separation agreement that granted him a lump sum payment equal to fourteen weeks of his salary. The agreement provided:

> As a condition precedent to Company's obligations under this Agreement and prior to Company making any additional separation payments hereunder, Former Employee agrees to return to the Company all Company-owned property, including the company camera, company tools, and the like, and certify that he has returned all such property of Company in writing.

The Market's counsel sent the agreement to Hughes's counsel and asked to be notified of any changes. Hughes and his attorney altered the agreement to provide for 104 weeks of pay; Hughes then took the document to the Market's president and asked him to sign it, without saying anything about the change to the document. The president signed the altered agreement. Later that day, counsel for the Market learned of the alteration and e-mailed Hughes's attorney, asserting that the agreement was void.

---

[1] The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

In October 2009, the Market sued Hughes in Missouri state court and sought a declaratory judgment that the signed agreement was void. The Market claimed that Hughes secured the agreement through fraud or negligent misrepresentation. Hughes removed the case to the district court and filed a counterclaim for breach of contract in an effort to enforce the agreement.

After protracted discovery, during which the district court sanctioned Hughes for discovery abuses, the court granted summary judgment for the Market on two alternative grounds. First, assuming for the sake of analysis that the separation agreement was valid, the court ruled that the Market had no obligations under the agreement because Hughes failed to fulfill a condition precedent. The agreement required that he return all company property, which included the hard drive and other parts to his company laptop, and Hughes failed to do so. Second, the court struck all of Hughes's pleadings as a sanction for his "egregious" discovery violations. The court detailed the violations, which included Hughes's failure for two years to turn over the company laptop, failure to disclose a material witness, failure to provide a privilege log or to turn over privileged documents after he waived privilege, deletion of material e-mails, and destruction of phone records. With the pleadings stricken, the court ruled that the Market was entitled to summary judgment on that ground as well.

Summary judgment is appropriate when there is no genuine issue of material fact for trial. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). We review the district court's decision *de novo*, and in this diversity case, we construe the agreement according to Missouri law. *See Orion Fin. Corp. of S.D. v. Am. Foods Grp., Inc.*, 281 F.3d 733, 738 (8th Cir. 2002).

II.

Hughes challenges both of the district court's reasons for granting summary judgment. We conclude that the court's decision was sound.

Hughes first argues that the failure to return the laptop was not a material breach of the contract. According to Hughes, the relatively minimal value of the laptop—compared to the more than $200,000 that he claims the Market owes him—makes return of the laptop immaterial. Hughes contends, therefore, that the Market's performance under the agreement is not excused.

As a matter of general contract law, conditions precedent are different from other contract terms: "Unlike a mere contract term, the breach of which must be material before it excuses another party from performing, one party's failure to fulfill a condition precedent entirely excuses any remaining obligations of the other party." *AIG Centennial Ins. Co. v. Fraley-Landers*, 450 F.3d 761, 763 (8th Cir. 2006). The Supreme Court of Missouri long ago recognized this principle. "A warranty is a part of the contract, and must be exactly and literally fulfilled. *It is in the nature of a condition precedent, and no inquiry is allowed into the materiality or immateriality of the fact warranted.*" *Mers v. Franklin Ins. Co.*, 68 Mo. 127, 131 (1878) (emphasis added); *see also Loehner v. Home Mut. Ins. Co.*, 17 Mo. 247, 255-56 (1852). "If the breach is material *or if the breaching party's performance is a condition to the aggrieved party's performance*, the aggrieved party may cancel the contract." *Curt Ogden Equip. Co. v. Murphy Leasing Co.*, 895 S.W.2d 604, 609 (Mo. Ct. App. 1995) (emphasis added). Hughes cites no Missouri case in which a court has relied on immateriality to enforce a contract despite an unfulfilled condition precedent, and we have found none. Hughes is correct that one party's *breach* of a contract term must be material to excuse the other party's performance, *see, e.g.*, *R.J.S. Sec., Inc. v. Command Sec. Servs., Inc.*, 101 S.W.3d 1, 18 (Mo. Ct. App. 2003), but the failure to fulfill a condition precedent need not.

Hughes agreed to return all company property as an explicit condition precedent to the Market's obligation to pay him under the agreement. Because it is undisputed that Hughes failed to return all company property, including the battery, power cord, and hard drive of the laptop, he failed to fulfill the condition precedent. This failure means that the Market had no duty to perform under the agreement, *see Lowery v. Air Support Int'l, Inc.*, 982 S.W.2d 326, 329 (Mo. Ct. App. 1998), so the Market was entitled to judgment.

Alternatively, we see no abuse of discretion in the district court's striking of Hughes's pleadings and the attendant grant of summary judgment. Under Federal Rule of Civil Procedure 37, "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders," including "striking pleadings in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(iii).

Striking one party's pleadings is a severe sanction that may ineluctably lead to judgment for the other side. This sanction thus should be applied only where there is an order compelling discovery, a willful violation of that order, and prejudice to the other party. *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1019 (8th Cir. 1999). A court should impose the sanction of dismissal only after finding that the sanctioned party acted willfully and in bad faith. *Hairston v. Alert Safety Light Prods., Inc.*, 307 F.3d 717, 718-19 (8th Cir. 2002). We review a decision to strike pleadings for abuse of discretion. *Carey*, 186 F.3d at 1019.

The district court's action in this case satisfies the governing standards. Over the course of this litigation, the court issued multiple orders compelling discovery from Hughes. The court then determined that Hughes's several discovery violations were willful, and struck Hughes's pleadings based on his "deliberate and willful discovery abuses." The court found that the Market had "presented substantial evidence that Hughes ha[d] deliberately prevented the discovery of relevant, nonprivileged information throughout this litigation," including evidence that

"Hughes intentionally deleted relevant and material emails from his AOL account." The court also found prejudice to the Market, explaining that the discovery violations had caused "considerable delay," and that the missing information "would likely have supported" the Market's theory of the case. For these reasons, the court acted within its discretion to impose sanctions under Rule 37, and summary judgment for the Market properly followed once the pleadings were stricken.

\* \* \*

The judgment of the district court is affirmed.

———————————————